UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRACY KLEPPINGER,<br><br>    Plaintiff<br><br>vs.<br><br>TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.,<br><br>    Defendant | CIVIL ACTION NO. _____<br>JURY DEMANDED |
| STEPHEN STONE, SARA STONE, CHRISTOPHER CHOY,<br><br>    Plaintiffs-Intervenors<br><br>vs.<br><br>TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., *DEEPWATER HORIZON*, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, INC., CAMERON INTERNATIONAL CORPORATION d/b/a CAMERON SYSTEMS CORPORATION, and MI SWACO,<br><br>    Defendants in Intervention | |

| | |
|---|---|
| BILL FRANCIS, TYRONE BENTON, CARLOS RAMOS, DOUGLAS HAROLD BROWN, BRENT MANSFIELD, and DOMINIQUE USSIN, <br><br>           Plaintiffs-Intervenors <br><br> vs. <br><br> TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., *DEEPWATER HORIZON*, and BP PRODUCTS NORTH AMERICA, INC., <br><br>           Defendants in Intervention | § § § § § § § § § § § § § § § § |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the provisions of 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, and expressly reserving all rights otherwise to respond in this action, Defendant Cameron International Corporation d/b/a Cameron Systems Corporation ("Cameron") hereby removes the above-entitled action from the 234th Judicial District Court of Harris County, Texas, to this United States District Court, Southern District of Texas, and as grounds for removal states as follows:

### NATURE OF THE ACTION

1. Plaintiff Tracy Kleppinger commenced this action by filing "Plaintiff's Original Petition ("Petition") in the 234th Judicial District Court of Harris County, Texas in April 2010. Kleppinger filed a Fourth Amended Original Petition on May 5, 2010. The Fourth Amended Original Petition names Cameron as a Defendant.

2. Intervening Plaintiffs Stephen and Sara Stone filed Plaintiffs' Petition in Intervention, Application for Temporary Restraining Order & Temporary Injunction and Request for Disclosure in the *Kleppinger* action on April 30, 2010. The Stone Petition-in-Intervention named Cameron as a defendant.

3. Intervenor Christopher Choy filed his Second Amended Original Petition in Intervention in the *Kleppinger* action on May 5, 2010. Choy's Second Amended Original Petition in Intervention named Cameron as a Defendant.

4. Intervenor Dominique Ussin filed his Original Petition in Intervention in the *Kleppinger* action on May 11, 2010. The Ussin Petition in Intervention named Cameron as a Defendant.

5. Intervenors Francis, Benton and Ramos filed their Petition in Intervention in the *Kleppinger* action on May 13, 2010. The Francis, Benton and Ramos Petition in Intervention named Cameron as a Defendant.

6. Intervenor Douglas Harold Brown filed his First Amended Petition in Intervention in the *Kleppinger* action on May 13, 2010. The Brown First Amended Petition in Intervention named Cameron as a Defendant.

7. Intervenor Brent Mansfield filed his Original Petition in Intervention in the *Kleppinger* action on May 13, 2010. The Mansfield Petition in Intervention named Cameron as a Defendant.

8. Copies of the Fourth Amended Original Petition, the Stone Petition-in-Intervention, Choy's Second Amended Original Petition, the Ussin Petition in Intervention, the Francis, Benton and Ramos Petition in Intervention, the Brown First Amended Petition in Intervention and the Mansfield Petition in Intervention are attached to this Notice as *Exhibit A*.

9. Cameron received a copy of the Stone Petition-in-Intervention on April 30, 2010. A copy of the executed citation is attached to this Notice as **Exhibit** B. All documents required to be filed pursuant to Local Rule 81 (other than the Petition and citation) are attached to this Notice as **Exhibit C**.

10. According to the Kleppinger's Fourth Amended Original Petition, and the Intervenors' petitions, the lawsuit arises out of a fire and explosion on April 20, 2010, involving the drilling rig *Deepwater Horizon* in the Gulf of Mexico. The claims asserted by Plaintiff Tracy Kleppinger and by Intervening Plaintiff Sara Stone in the lawsuit for intentional infliction of emotional distress therefore arise under federal law by reason of the Outer Continental Shelf Lands Act and are subject to the exclusive jurisdiction of the federal courts under the provisions of 43 U.S.C. § 1333(a).

11. On information and belief, one or more of Messrs. Kleppinger, Stone, Choy, Ussin, Francis, Benton, Ramos, Brown and Mansfield were not performing duties as a seaman at the time of the event and were not employees of Cameron. In these circumstances, some or all of the claims asserted by Ms. Kleppinger as personal representative of her deceased husband, and by Intervening Plaintiffs Stone, Choy, Francis, Benton, Ramos, Brown and Mansfield for injuries resulting from a non-maritime event also arise under federal law by reason of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq., and are subject to the exclusive jurisdiction of the federal courts under the provisions of 43 U.S.C. § 1333(a). *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340 (5th Cir. 1999).

### BASIS FOR FEDERAL JURISDICTION

12. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over this action because it arises under the laws of the United States. To the extent that any claim in this case

does not arise under the laws of the United States, this court has supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367(a). Cameron is advised that the other defendants in this action consent to this removal.

### REMOVAL UNDER 28 U.S.C. § 1441(b) and (c)

13. Removal is proper under 28 U.S.C. § 1441(b), which permits removal if the Court has federal question jurisdiction "without regard to the citizenship or residence of the parties." Removal of all claims in the case is proper under 28 U.S.C. § 1441(c). Because one or more, if not all, of the injured or deceased claimants was not a seaman, and/or because none of the parties naming Cameron as Defendant was employed by Cameron, the provisions of 28 U.S.C. § 1445(a) do not apply.

### TIMELINESS OF REMOVAL

14. This notice is filed within thirty days' of Cameron's receipt of notice of the Petition-in-Intervention and is therefore timely under 28 U.S.C. § 1446(b).

### CONCLUSION AND PRAYER

15. Cameron reserves the right to submit additional evidence in support of removal as appropriate in future circumstances

16. By virtue of this Notice of Removal, Cameron does not waive its right to assert any claims, defenses or other motions permitted under the Federal Rules of Civil Procedure, including contesting jurisdiction and service.

17. Pursuant to 28 U.S.C. § 1446(d), Cameron is providing written notice of the filing of this Notice of Removal to all adverse parties. In addition, a copy of this removal petition is being filed with the clerk of the court in which the state action was filed.

18. In accordance with this Notice, this Court should take jurisdiction of this action to the exclusion of any further proceedings in the state action.

### JURY DEMAND

19. Cameron demands trial by jury.

Respectfully submitted,

BECK, REDDEN & SECREST, L.L.P.

By: /s/ David J. Beck
David J. Beck
State Bar No. 00000070
Federal I.D. No. 16605
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

**ATTORNEY IN CHARGE FOR
DEFENDANT CAMERON INTERNATIONAL**

**OF COUNSEL:**
Joe W. Redden, Jr.
State Bar No. 16660600
Federal I.D. No. 2139
David W. Jones
State Bar No. 00790980
Federal I.D. No. 18206
Geoff Gannaway
State Bar No. 24036617
Federal Bar No. 37039
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

## **CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing document was served on all counsel of record in compliance with the Federal Rules of Civil Procedure on this 24th day of May 2010, by facsimile:

/s/ Geoff Gannaway
Geoff Gannaway

≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kleppinger, Tracy

## DEFENDANTS
TransOcean Offshore Deepwater Drilling, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Harris
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See Attached

Attorneys (If Known)
See Attached

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
OCSLA

Brief description of cause:
Claims arising from the sinking of a Mobil offshore drilling unit

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE  See attached
DOCKET NUMBER

DATE
05/24/2010

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

ATTACHMENT TO CIVIL COVER SHEET

1. Attorneys

    Plaintiff Tracy Kleppinger

    Gordon, Elias & Seely, LLP
    5821 Southwest Freeway, Suite 422
    Houston, TX  77057
    (713) 668-9999
    (713) 668-1980 (fax)
    Steven J. Gordon,
    R. Todd Elias

    Defendant Transocean Offshore Deepwater Drilling, Inc.

    Preis & Roy, APLC
    Wesleyan Tower,
    24 Greenway Plaza, Suite 2050
    Houston, Texas  77046
    (713) 355-6062
    (713) 572-9129 (fax)
    Frank A Piccolo
    Edwin G. Pries
    Richard Hymel
    Robert Kallam

    Phelps Dunbar LLP
    700 Louisiana, Suite 2600
    Houston, TX  77002
    (713) 626-1386
    (713) 626-1388 (fax)

2. **RELATED CAUSES OF ACTION**

    - *The National Vietnamese American Fishermen Emergency Association, et al. vs. BP, PLC, et al.,* Cause No. 3:10-cv-00172 in the United States District Court for the Southern District of Texas, Honorable Lynn Hughes.

    - *Ben Nelson and Jeri Nelson, d/b/a Jeri's Seafood, Inc., et al, vs. Transocean LT, et al.,* Cause No. 3:10-cv-00172, In the United States District Court for the Southern District of Texas, Honorable Kenneth Hoyt.

    - *In Re The Complaint and Petition of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as*

*Owner, Managing Owners, Owners Pro-Hac Vice, And/Or Operators of the Modu Deepwater Horizon, in a Cause for Exoneration from or Limitation of Liability,* Cause No. 4:10-cv-01721, In the United States District Court for the Southen District of Texas, Honorable Keith Ellison.