CAUSE NO.2010-25245

| | | |
|---|---|---|
| TRACY KLEPPINGER, Individually | § | IN THE DISTRICT COURT OF |
| and as Representative of the Estate of | § | |
| KARL KLEPPINGER, Jr. and as next | § | |
| Friend of AARON THOMAS KLEPPINGER, | § | |
| a minor child | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| vs. | § | |
| | § | |
| | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING INC, DEEPWATER HORIZON, and | § | |
| BP PRODUCTS NORTH AMERICA, INC., | § | 234TH JUDICIAL DISTRICT |

## INDEX

| | | |
|---|---|---|
| 1 | List of All Counsel of Record | |
| 2 | Docket Sheet | 4/22/2010 |
| 3 | Notice of Filing of Limitation Action and Entry of Order Restraining Prosecution of Claims | 5/14/2010 |
| 4 | Bill Francis, Tyrone Bentons, and Carlos Ramos Petition in Intevention and Rule 194 request for disclosure | 5/13/2010 |
| 5 | Intervenor, Brent Mansfield Original Petition in intervention | 5/13/2010 |
| 6 | Intervenor Douglas Harold Browns Original Petition in Intervention | 5/11/2010 |
| 7 | Intervenor Dominique Ussin's Original Petition in Intervention | 5/11/2010 |
| 8 | Intervenor Christopher Choy's Third Amended Original Petition in Intervention | 5/11/2010 |
| 9 | Temporary restraining order | 5/11/2010 |
| 10 | NONSUIT/DISMISSAL, PARTIAL (RULE 162) | 5/7/2010 |
| 11 | NONSUIT/DISMISSAL, PARTIAL (RULE 162) | 5/7/2010 |
| 12 | Citation Corporate | 5/7/2010 |

| 13 | Citation Corporate | 5/7/2010 |
| 14 | Citation Corporate | 5/7/2010 |
| 15 | Citation Corporate | 5/7/2010 |
| 16 | Citation Corporate | 5/7/2010 |
| 17 | Citation Corporate | 5/7/2010 |
| 18 | Defendants original answer | 5/7/2010 |
| 19 | Citation Corporate | 5/6/2010 |
| 20 | Citation Corporate | 5/6/2010 |
| 21 | Citation Corporate | 5/6/2010 |
| 22 | Citation Corporate | 5/6/2010 |
| 23 | Citation Corporate | 5/6/2010 |
| 24 | Citation Corporate | 5/6/2010 |
| 25 | Citation Corporate | 5/6/2010 |
| 26 | Citation Corporate | 5/6/2010 |
| 27 | Citation Corporate | 5/6/2010 |
| 28 | Plaintiffs Fourth Amended Original Petition and Request for Disclosure | 5/5/2010 |
| 29 | Plaintiffs' Petition in Intervention, Application for Temporary Restraining Order & Temporary Injunction and Request for Disclosure | 4/30/2010 |
| 30 | ORDER SIGNED SETTING HEARING | 4/30/2010 |
| 31 | Citation Corporate | 4/30/2010 |
| 32 | Citation Corporate | 4/29/2010 |
| 33 | Original Answer | 5/24/10 |

Doc. # 458217

# EXHIBIT 1

CAUSE NO.2010-25245

| TRACY KLEPPINGER, Individually | § | IN THE DISTRICT COURT OF |
| and as Representative of the Estate of | § | |
| KARL KLEPPINGER, Jr. and as next | § | |
| Friend of AARON THOMAS KLEPPINGER, | § | |
| a minor child | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| vs. | § | |
| | § | |
| | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING INC, DEEPWATER HORIZON, and | § | |
| BP PRODUCTS NORTH AMERICA, INC., | § | 234TH JUDICIAL DISTRICT |

## LIST OF SERVICE

Steven J. Gordon
Todd R. Elias
Jeffrey R. Seely
Gordon, Elias, & Seely L.L.P.
5821 Southwest Freeway, Suite 422
Houston, Texas 77057
Phone. 713-668-9999
Fax. 713-668-1980
Attorneys for Plaintiffs and Interveners

Edwin G. Preis. Jr.
Ned Kohnke
Preis & Roy
Pan American Life Center
601 Poydras Street, suite 1700
New Orleans, LA 70130
Phone: 504-581-6062
Fax: 504-522-9129
Interveners

Matthew D. Shaffer
Adam J. Rosenfeld
3200 Travis, 3rd Floor
Houston Texas 77006
Phone: 713-524-3500
Fax: 713-751-0412

Doc. #458220

**Counsel for Defendants:**

Brent W. Coon
Arthur J. Gonzalez
Gary M. Riebschlager
Brent Coon & Associates
300 Fannin, Suite 200
Houston, Texas 77002
Phone: 713-225-1682
Fax: 713-225-1785

Mr. Thomas W. Taylor                Mr. J. Andrew Langan
**Andrews & Kurth LLP**             **Kirkland & Ellis, LLP**
600 Travis, Suite 4200              300 North LaSalle Street
Houston, Tx 77002                   Chicago, IL 30654
Phone: (713)220-4200                Phone: (312)862-2000
Fax:  (713)220-4285                 Fax:  (312)862-2200

Attorneys for:
**BP Exploration & Production Inc.**
**BP Corporation North America, Inc.**
**BP Products North America, Inc.**

Mr. Frank A. Piccolo
Mr. Edwin G. Preis, Jr.
Mr. Richard Hymel
Mr. Robert Kallam
Mr. Kevin T. Dossett
**Preis &Roy, APLC**
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Tx 77046
Phone: (713)355-6062
Fax:  (713)572-9129

Mr. Marc G. Matthews
**Phelps Dunbar LLP**
 700 Louisiana, Suite 2600
Houston, Tx 77002
Phone: (713)626-1386
Fax: (713)626-1388

Doc. #458220

Attorneys for:
**Triton Asset Leasing GmbH**
**Transocean Holdings LLC,**
**Transocean Offshore Deepwater Drilling Inc.**
**Transocean Deepwater Inc.**

Mr. David Beck
Mr. Joe Redden, Jr.
Mr. David Jones
Mr. GeoffGannaway
**Beck, Redden & Secrest LLP**
One Houston Center
1221 McKinney St., Suite 4500
Houston, Tx 77010
Phone: (713)951-3700
Fax:  (713)951-3720

Attorneys for:
**Cameron International Corporation d/b/a**
**Cameron Systems Corporation**

# EXHIBIT 3

Filed 10 May 14 P5:59
Loren Jackson - District Clerk
Harris County
ED101J015787168
By: Jason Nerie

No. 2010-25245

| | |
|---|---|
| TRACY KLEPPINGER, Individually and as Representative of the Estate of KARL KLEPPING, JR. and as next friend of AARON THOMAS KLEPPINGER, a minor child | § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | 234TH JUDICIAL DISTRICT |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, and BP PRODUCTS NORTH AMERICA, INC. | § § § § § | HARRIS COUNTY, TEXAS |

## NOTICE OF FILING OF LIMITATION ACTION AND ENTRY OF ORDER RESTRAINING PROSECUTION OF CLAIMS

TO:   THE HONORABLE REECE RONDON, DISTRICT JUDGE

NOW COMES Triton Asset Leasing GmbH, Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., and Transocean Holdings LLC, four of the limitation Petitioners in Civil Action No. 4:10-cv-1721, entitled *In Re the Complaint and Petition of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners Pro Hac Vice, and/or Operators of the MODU Deepwater Horizon, in a cause for Exoneration from or Limitation of Liability*, filed in the United States District Court for the Southern District of Texas, and hereby gives notice to this Honorable Court that an Order Directing Claimants to File and Make Proof of Claims, Directing the Issuance of Monition, and Restraining Prosecution of Claims was signed and entered in the aforementioned federal limitation action on May 13, 2010, by United States District Judge Keith P. Ellison. A copy of said Order is attached hereto as Exhibit "A."

Pursuant to the United States District Court's May 13, 2010, Order, further prosecution of the above styled and numbered cause of action against the limitation Petitioners is stayed and enjoined and restrained, and all parties wishing to assert claims in connection with the casualty event described in the limitation action have been ordered to file their claims in the limitation action on or before November 15, 2010.

Respectfully submitted,

PREIS & ROY

By: _____
FRANK A. PICCOLO
TBN: 24031227
EDWIN G. PREIS, JR.
TBN: 24029069
RICHARD HYMEL
TBN: 24038190
ROBERT KALLAM
TBN: 24034175
KEVIN T. DOSSETT
TBN: 24004623
PREIS & ROY, APLC
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

MARC G. MATTHEWS
TBN: 4055921
PHELPS DUNBAR LLP
700 Louisiana, Suite 2600
Houston, Texas 77002
(713) 626-1386
(713) 626-1388 - Facsimile

**ATTORNEYS FOR LIMITATION PETITIONERS TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. AND TRANSOCEAN DEEPWATER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded electronically and by U.S. Mail, postage prepaid and properly addressed on this the 14th day of May, 2010, to:

Steven J. Gordon
R. Todd Elias
Jeffrey R. Seely
Gordon & Elias, LLP
5821 Southwest Freeway, Suite 422
Houston Texas 77057

Matthew D. Shaffer
Adam J. Rosenfeld
Schechter, McElwee, Shaffer & Harris, LLP
3200 Travis, 3rd Floor
Houston TX 77006

Brent W. Coon
Arthur J. Gonzalez
Gary M. Riebschlager
Brent Coon & Associates
300 Fannin, Suite 200
Houston Texas 77002

Jeffrey S. Davis
Audrey F. Momanaee
1000 Louisiana, Suite 3400
Houston Texas 77002-5007

Frank A. Piccolo



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number: ___45321048__ (Total Pages 3)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT 4

Filed 10 May 13 A10:58
Loren Jackson - District Clerk
Harris County
ED101J015783433
By: Sandra Talbert

CAUSE NO. 2010-25245

| | | |
|---|---|---|
| TRACY KLEPPINGER, Individually | § | IN THE DISTRICT COURT OF |
| And as Representative of the Estate of | § | |
| KARL KLEPPINGER, Jr. and as next | § | |
| Friend of AARON THOMAS | § | |
| KLEPPINGER, a minor child | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSOCEAN OFFSHORE | § | |
| DEEPWATER DRILLING, INC. | § | |
| DEEPWATER HORIZON, and | § | |
| BP PRODUCTS NORTH AMERICA, | § | |
| INC. | § | 235TH JUDICIAL DISTRICT |

## BILL FRANCIS', TYRONE BENTON'S and CARLOS RAMOS' PETITION IN INTERVENTION AND RULE 194 REQUEST FOR DISCLOSURE

TO THIS HONORABLE COURT:

Comes now, BILL FRANCIS, TYRONE BENTON and CARLOS RAMOS, hereinafter referred to as Intervening Plaintiffs, and represents to the Court that they are interested in the subject matter in controversy in the above entitled and numbered suit, and that they have a cause of action against the Defendants, and complaining of and about, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, MI SWACO, TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSERT MANAGEMENT LIMITED LIABILITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT and TRANSOCEAN HOLDINGS, L.L.C. hereinafter referred to as Defendants, and for cause of action would show unto the Court the following:

Certified Document Number: 45303455 - Page 2 of 3

## I.

### Discovery Control Plan

1.       Intervenors, Bill Francis, Tyrone Benton and Carlos Ramos, affirmatively plead that the aggregate monetary relief sought is more than $75,000.00. Therefore, Intervenors intend discovery to be conducted under Level 3 of the Discovery Control Plan, Rule 190.3 of the Texas Rules of Civil Procedure.

## II.

### Parties

2.       Intervenor, Bill Francis, brings this action individually. Intervenor resides in Lubbock, Texas.

3.       Intervenor, Tyrone Benton, brings this action individually. Intervenor resides in Jacksonville, Florida .

4.       Intervenor, Carlos Ramos, brings this action individually. Intervenor resides in Alice, Texas.

## III.

### Venue

5.       Venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies §15.0181(c)(1) because Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'S principal office is in this state located in Harris County, Texas.

## IV.

### Jurisdiction

6.       This is an admiralty and maritime claim within the jurisdiction of this Honorable Court.

7.       Intervenors would show that this lawsuit has become necessary as a result of personal injuries sustained by Intervenors on or about April 20, 2010, while employed by Defendants as Jones Act seaman due to the negligence and unseaworthiness of the vessel.

8.       Intervenors demand a trial by jury and has tendered the appropriate fee.

9.     WHEREFORE, PREMISES CONSIDERED, Intervenors prays that this citation issue and

be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants

appear and answer herein, and that upon final hearing hereon, Intervenors have judgment against

said Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-

judgment and post-judgment interests, all costs of Court, and all such other and further relief, to

which they may show themselves justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.


/s/Matthew D. Shaffer
MATTHEW D. SHAFFER
TBA # 18085600
ADAM J. ROSENFELD
TBA # 24067848
3200 Travis, 3rd Floor
Houston, Texas 77006
TEL:   (713) 524-3500
FAX:   (713) 751-0412
ATTORNEYS FOR INTERVENORS,
BILL FRANCIS, TYRONE BENTON and
CARLOS RAMOS


**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May 2010, a true and correct copy of the foregoing Petition
in Intervention has been forwarded to all counsel of record via certified mail, return receipt requested,
facsimile transmission and/or hand delivery.


/s/Matthew D. Shaffer
MATTHEW D. SHAFFER



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number:  ___45303455___ (Total Pages 3)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# EXHIBIT 5



**CAUSE NO. 2010-25245**

| | | |
|---|---|---|
| TRACY KLEPPINGER, Individually | § | IN THE DISTRICT COURT OF |
| and as Representative of the Estate of | § | |
| KARL KLEPPINGER, Jr. and as next | § | |
| Friend of AARON THOMAS | § | |
| KLEPPINGER, a minor child | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| TRANSOCEAN OFFSHORE | § | |
| DEEPWATER DRILLING, INC., | § | |
| DEEPWATER HORIZON, and | § | |
| BP PRODUCTS NORTH AMERICA, | § | |
| INC. | § | 234th JUDICIAL DISTRICT |

**INTERVENOR, BRENT MANSFIELD**
<u>**ORIGINAL PETITION IN INTERVENTION**</u>

**F I L E D**
Loren Jackson
District Clerk

MAY 1 3 2010

Time: _____ 1228
Harris County, Texas
By _____
Deputy

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BRENT MANSFIELD, complaining of and against TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, MI SWACO, TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT and TRANSOCEAN HOLDINGS, L.L.C., Defendants herein, and for cause of action, would respectfully show as follows:

**A. Discovery Control Plan**

1.      Intervenor intends to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

CONFIRMED FILE DATE: 5/13/2010

Certified Document Number: 45309541 - Page 1 of 12

**B. Parties**

2.      Intervenor, BRENT MANSIFLED, is an individual residing in the State of Texas.

3.      Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. is a Corporation domiciled at 4 Greenway Plaza, Houston, Harris County, Texas and conducting business in the State of Texas, and can be served with process by serving its registered agent for service of process, Eric B. Brown, at 4 Greenway Plaza, Houston, Texas 77046.

4.      Defendant, BP PRODUCTS NORTH AMERICA, INC. is a Maryland corporation but may be served with process by serving its registered agent for service of process in Texas, Prentice Hall Corp System at 211 E. 7TH Street, Suite 620 in Austin, Texas 78701.

5.      Defendant, HALLIBURTON ENERGY SERVICES, INC., (hereinafter referred to as "Halliburton"), is a Delaware corporation with a principal place of business in Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process C.T. Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

6.      Defendant, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION (hereinafter referred to as "Cameron"), is a Delaware corporation whose principal place of business is Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201.

7.      Defendant MI SWACO is a Texas joint venture company owned by Smith International, Inc., and Schlulemberger, Ltd., (hereinafter referred to as "MI Swaco"), with its principal place of business at 5950 North Course Drive, Houston, Texas 77072 and may be served by serving its President, Chris Rivas at 5950 North Course Drive, Houston, Texas 77072.

Certified Document Number: 45309541 - Page 2 of 12

8.      Defendant TRITON ASSET LEASING GmbH may be served in accordance with The HAGUE Convention and any all other lawful means.    On information and belief TRITON ASSET LEASING GmbH is a Swiss entity, however, counsel for Transocean has indicated that they may be a Hungarian entity, in either case, they will be served pursuant to The Hague Convention and any other lawful method.

9.      Defendant TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY may be served in accordance with The HAGUE Convention and any other lawful method.

10.     Defendant TRITON HUNGARY ASSET MANAGEMENT KFT may be served in accordance with The HAGUE Convention and any other lawful method.

11.     Defendant TRANSOCEAN HOLDINGS, L.L.C. may be served by serving its President, John H. Briscoe, at 4 Greenway Plaza, Suite 700, Houston, Texas  77046.

12.     Defendant TRANSOCEAN DEEPWATER, INC. may be served by serving its registered agent, Capitol Services, Inc., 615 South Dupont Highway, Dover, DE  19901.

### C. Venue

13.     Venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies §15.0181(c)(1) because Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'s principal office in this state is located in Harris County, Texas.

### D. Jurisdiction

14.     This is an admiralty and maritime claim within the jurisdiction of this Honorable Court.

15.     Brent Mansfield was a seaman and this action is brought pursuant to Title 46 U.S.C. §30104, *et. seq.* and pursuant to the admiralty and general maritime laws of the United States. This Court has concurrent jurisdiction.

Certified Document Number: 45309541 - Page 3 of 12

## E. Intervention

16.    Intervenor would show that this lawsuit arises out of the same transaction and occurrences as *Tracy Kleppinger v. Transocean Offshore Deepwater Drilling, Inc., et al.,* Cause No. 2010-25245 and that this intervention is proper pursuant to Rule 60 of the Texas Rules of Civil Procedure.

## E. Factual Summary

17.    Intervenor would show that this lawsuit has become necessary as a result of an incident, which occurred on or about April 20, 2010. On said date, Brent Mansifled was employed by Defendant, TRANSOCEAN DEEPWATER, INC. and/or TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. and/or TRITON ASSET LEASING GmbH and/or TRANSOCEAN HOLDINGS, L.L.C. and/or TRITON HUNGARY ASSET MANAGEMENT KFT as a seaman and was assigned as a member of the crew on board the DEEPWATER HORIZON, a vessel within the meaning of 46 U.S.C. § 30104, *et. seq.* Brent Mansfield's duties contributed to the mission of the DEEPWATER HORIZON, which is a semi-submersible drilling rig which was in navigation on April 20, 2010 at the time of the incident.  Mr. Brent Mansfield was taken by USCG helicopter from the deck of the *M/V Damon B. Bankston* to a semi-submersible vessel called the *Na Kika* and then he was taken with five (5) other seriously injured workers from the *Na Kika* to a hospital in Mobile, Alabama for medical care.

18.    Halliburton was contracted to provide cement services to the rig DEEPWATER HORIZON by Transocean and/or BP. Upon information and belief Halliburton set or otherwise attempted to set a cement plug in violation of industry protocol and policies thus allowing gas to escape around the cement plug or plugs, ultimately resulting in a blowout, ignition and deadly explosion.

19.    MI Swaco was contracted to provide drilling fluid services to the rig DEEPWATER HORIZON, owned by Transocean and leased to BP. M.I. Swaco in conjunction with Halliburton

failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape ignite, ultimately resulting in a deadly explosion.

20.     Triton Asset Leasing GmbH and/or Transocean Holdings, L.L.C. and/or Transocean Offshore Deepwater Drilling, Inc. and/or Triton Hungary Asset Management Limited Liability Company and/or Transocean Deepwater, Inc. and/or Triton Hungary Asset Management Kft were the owners and/or operators of the *DEEPWATER HORIZON* at the time of the subject incident.

21.     On or about April 20, 2010, while working in the course and scope of his employment for Defendants, an explosion and fire occurred on the DEEPWATER HORIZON. Intervenor will show that Defendants were negligent and such negligence was a proximate and/or producing cause of the incident and the resulting damages.

## F. CAUSES OF ACTION

22.     At all relevant times, Brent Mansfied was in the course and scope of his employment with the Defendants.  The actions and/or inactions of these Defendants, and/or their officers, agents and/or employees constitute negligence. The negligence of these Defendants was a proximate and/or producing cause of the Intervenor's damages.

23.     Defendants  TRANSOCEAN  DEEPWATER,  INC.,  TRANSOCEAN  OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRITON ASSET LEASING GmbH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT and TRANSOCEAN HOLDINGS, L.L.C. owed a duty to Brent Mansfield to maintain the vessel in a seaworthy condition. However, Intervenor will show that the DEEPWATER HORIZON was unseaworthy and that said unseaworthiness was a proximate and/or producing cause of the incident and resulting damages.

24.   **TRANSOCEAN ENTITIES**

Transocean was negligent in the following non-exclusive particulars:

    a.    Failing to provide Brent Mansfield with a safe place to work; and requiring Brent Mansfield to work in unsafe conditions;

    b.    Failing to provide sufficient personnel to perform operations aboard the vessel;

    c.    Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

    d.    Failing to exercise due care and caution;

    e.    Failing to avoid this accident;

    f.    Failing to provide Brent Mansfield with a seaworthy vessel;

    g.    Other acts of negligence which will be shown more fully at trial.

25.   **BP AND BP PRODUCTS**

BP was negligent in the following non-exclusive particulars:

    a.    Failing to properly train and/or supervise its crew and other employees;

    b.    Failing to ensure that its crew worked in a safe and prudent manner;

    c.    Failing to provide Brent Mansfield with a safe place to work, and requiring Brent Mansfield to work in unsafe conditions;

    d.    Failing to exercise due care and caution;

    e.    Failing to provide Brent Mansfield with a seaworthy vessel;

    f.    Drilling at a depth which it was not permitted to drill at; and

    g.    Other acts of negligence which will be shown more fully at trial.

26.   **HALLIBURTON**

Halliburton was negligent in the following non-exclusive particulars:

a.  Failing to properly set cement plugs;

b.  Failing to maintain pressure during cement operation;

c.  Failing to use adequate material for cement services;

d.  Failing to follow industry protocol and procedures for setting cement plugs;

e.  Failing to prevent escape of gas or combustible hydrocarbons to the surface;

f.  Attempting to carry out drilling operations with substandard and defective cement casing; and

g.  Other acts of negligence which will be shown more fully at trial.

27.  **MI SWACO**

MI Swaco was negligent in the following non-exclusive particulars:

a.  Failing to monitor pressure of wells;

b.  Failing to use adequate weight drilling fluid to prevent gas escape;

c.  Failing to follow industry protocol and procedure during plug completion phases;

d.  Use of sea water as weight and gas control medium during drilling and completion processes;

e.  Attempting to carry out drilling operations with substandard and defective cement casing; and

f.  Other acts of negligence which will be shown more fully at trial.

28.  **CAMERON INTERNATIONAL CORPORATION**

Cameron International Corporation was negligent in the following non-exclusive particulars:

a.  Failing to provide adequate subsea flow control devices;

b.  Failing to properly engineer the subsea gas flow control devices;

c.    Failing to properly install a subsea gas flow control devices;

d.    Failing to properly monitor the subsea engineering and gas flow control devices;

e.    Placing into the stream of commerce a defective blowout preventer which was unfit for the purpose of which it was intended; and

f.    Other acts of negligence which will be shown more fully at trial.

29.    **TRITON ASSET LEASING GmbH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY and TRITON HUNGARY ASSET MANAGEMENT KFT**

Triton Asset Leasing GmbH and Triton Hungary Asset Management Limited Liability Company and Triton Hungary Asset Management KFT were negligent in the following non-exclusive particulars:

a.    Failing to provide Brent Mansfield with a safe place to work; and requiring Brent Mansfield to work in unsafe conditions;

b.    Failing to provide sufficient personnel to perform operations aboard the vessel;

c.    Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

d.    Failing to exercise due care and caution;

e.    Failing to avoid this accident;

f.    Failing to provide Brent Mansfield with a seaworthy vessel; and

g.    Other acts of negligence which will be shown more fully at trial.

## G.    DEFENDANTS' GROSS NEGLIGENCE

30.    Intervenor further asserts that the incident forming the basis of this suit was proximately caused by the willful acts and omissions and gross negligence in the performance of the duties of the Defendants. Defendants' conduct was grossly negligent in that it was carried out with a flagrant

disregard for the rights of others and with actual awareness on the part of Defendants that their actions may result in serious bodily injury and/or death.

## H. ESTOPPEL OF BP

31.     Equitable estoppel is used to prevent a party from taking a legal position inconsistent with an earlier statement or action that places his adversary at a disadvantage. See W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts Sec. 105, at 733 (5th ed. 1984). The purpose of the doctrine of equitable estoppel is to ensure that no one will be permitted to "take advantage of his own wrong." R.H. Stearns Co. v. United States, 291 U.S. 54, 62, 54 S.Ct. 325, 328, 78 L.Ed. 647 (1934). The traditional elements of equitable estoppel are: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury. Che-Li Shen v. INS, 749 F.2d 1469, 1473 (10th Cir.1984). In the recent days just prior to this filing of Intervenor's Petition in Intervention, Defendant BP publicly acknowledged and accepted responsibility for this horrific event and should, therefore, be estopped from denying liability herein

## I. DAMAGES

32.     Intervenor will show that on the above-mentioned date, he was injured while in the course and scope of his employment with Defendants, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. and/or TRITON ASSET LEASING GmbH and/or TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY and/or TRANSOCEAN HOLDINGS, L.L.C. and/or and TRITON HUNGARY ASSET MANAGEMENT KFT and while serving as a seaman in the service of the *DEEPWATER HORIZON*. Defendants breached their absolute duty to provide

Certified Document Number: 4530954 - Page 9 of 12

Intervenor with maintenance and cure. As a result of this Defendants' unreasonable failure to provide maintenance and cure, Intervenor is entitled to recovery for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries, pain and suffering and additional expenses. Intervenor will also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action and he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him but for the arbitrary and capricious denial of said benefits. Intervenor further seeks punitive damages for the willful and wanton failure to pay maintenance and cure.

33.    As a direct and proximate result of Defendants' conduct and/or the unseaworthiness of the vessel, Intervenor suffered the following injuries and damages:

     a.    Intervenor has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

     b.    Intervenor has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

     c.    Intervenor has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

     d.    Intervenor has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

     e.    Intervenor has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

     f.    Intervenor has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

Certified Document Number: 4530954I - Page 10 of 12

g.    Intervenor sues for found damages in the past and future.

34.    Intervenor seeks punitive damages for the gross negligence of the Defendants.

## J. REQUEST FOR DISCLOSURE

**35.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within fifty (50) days after service of this request upon each Defendant, the information or material described in Rule 194.2(a) through (l).**

## K. JURY DEMAND

36.    Intervenor demands a trial by jury. A jury fee is being paid contemporaneously with the filing of this Petition.

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that, after trial on the merits, Intervenor has judgment against Defendants both jointly and severally for the following:

a.    a sum in excess of the minimum jurisdictional limits of this Honorable Court;
b.    pre-judgment interest thereon at the maximum legal rate;
c.    post-judgment interest thereon at the maximum legal rate;
d.    costs of Court; and,
e.    such other and further relief to which Intervenor may be justly entitled.

Respectfully submitted,

GORDON, ELIAS, & SEELY L.L.P.

By: _____
Steve Gordon
SBN: 08207980
R. Todd Elias
SBN: 00787427
Jeffrey R. Seely
SBN 24033172
5821 Southwest Freeway, Suite 422
Houston, Texas 77057
(713) 668-9999
(713) 668-1980 (Fax)
ATTORNEYS FOR INTERVENOR

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record by facsimile transmission, certified mail, return receipt requested or hand delivery on this the 13th day of May, 2010.

**Via Facsimile:  713-225-1785**
Brent W. Coon
Arthur J. Gonzalez
Gary M. Riebschlager
BRENT COON & ASSOCIATES
300 Fannin, Suite 200
Houston, Texas  77002

**Via Facsimile:  504-522-9129**
Edwin G. Preis, Jr.
Ned Kohnke
PREIS & ROY
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, LA  70130

Steve Gordon



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number: ___45309541___ (Total Pages 12)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# EXHIBIT 6

Filed 10 May 13 A9:56
Loren Jackson - District Clerk
Harris County
ED101J015783245
By: Sandra Talbert

CAUSE NO. 2010-25245

| | | |
|---|---|---|
| TRACY KLEPPINGER, Individually | § | IN THE DISTRICT COURT OF |
| and as Representative of the Estate of | § | |
| KARL KLEPPINGER, Jr. and as next | § | |
| Friend of AARON THOMAS | § | |
| KLEPPINGER, a minor child | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| TRANSOCEAN OFFSHORE | § | |
| DEEPWATER DRILLING, INC., | § | |
| DEEPWATER HORIZON, and | § | |
| BP PRODUCTS NORTH AMERICA, | § | |
| INC. | § | 234th JUDICIAL DISTRICT |

### INTERVENOR, DOUGLAS HAROLD BROWN'S
### FIRST AMENDED PETITION IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DOUGLAS HAROLD BROWN complaining of and against TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, MI SWACO, TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT and TRANSOCEAN HOLDINGS, L.L.C., Defendants herein, and for cause of action, would respectfully show as follows:

#### A. Discovery Control Plan

1.     Intervenor intends to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### B. Parties

2.     Intervenor, DOUGLAS HAROLD BROWN, is an individual residing in the State of Washington.

3.     Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. is a Corporation domiciled at 4 Greenway Plaza, Houston, Harris County, Texas and conducting business in the State of Texas, and can be served with process by serving its registered agent for service of process, Eric B. Brown, at 4 Greenway Plaza, Houston, Texas 77046.

4.     Defendant, BP PRODUCTS NORTH AMERICA, INC. is a Maryland corporation but may be served with process by serving its registered agent for service of process in Texas, Prentice Hall Corp System at 211 E. 7TH Street, Suite 620 in Austin, Texas 78701.

5.     Defendant, HALLIBURTON ENERGY SERVICES, INC., (hereinafter referred to as "Halliburton"), is a Delaware corporation with a principal place of business in Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process C.T. Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

6.     Defendant, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION (hereinafter referred to as "Cameron"), is a Delaware corporation whose principal place of business is Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201.

7.     Defendant MI SWACO is a Texas joint venture company owned by Smith International, Inc., and Schlulemberger, Ltd., (hereinafter referred to as "MI Swaco"), with its principal place of business at 5950 North Course Drive, Houston, Texas 77072 and may be served by serving its President, Chris Rivas at 5950 North Course Drive, Houston, Texas 77072.

8.      Defendant TRITON ASSET LEASING GmbH may be served in accordance with The HAGUE Convention and any all other lawful means.   On information and belief TRITON ASSET LEASING GmbH is a Swiss entity, however, counsel for Transocean has indicated that they may be a Hungarian entity, in either case, they will be served pursuant to The Hague Convention and any other lawful method.

9.      Defendant TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY may be served in accordance with The HAGUE Convention and any other lawful method.

10.     Defendant TRITON HUNGARY ASSET MANAGEMENT KFT may be served in accordance with The HAGUE Convention and any other lawful method.

11.     Defendant TRANSOCEAN HOLDINGS, L.L.C. may be served by serving its President, John H. Briscoe, at 4 Greenway Plaza, Suite 700, Houston, Texas  77046.

12.     Defendant TRANSOCEAN DEEPWATER, INC. may be served by serving its registered agent, Capitol Services, Inc., 615 South Dupont Highway, Dover, DE  19901.

## C. Venue

13.     Venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies §15.0181(c)(1) because Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'s principal office in this state is located in Harris County, Texas.

## D. Jurisdiction

14.     This is an admiralty and maritime claim within the jurisdiction of this Honorable Court.

15.     Douglas Harold Brown was a seaman and this action is brought pursuant to Title 46 U.S.C. §30104, *et. seq.* and pursuant to the admiralty and general maritime laws of the United States. This

Certified Document Number: 45303467 - Page 3 of 12

Court has concurrent jurisdiction.

### E. Intervention

16.     Intervenor would show that this lawsuit arises out of the same transaction and occurrences as *Tracy Kleppinger v. Transocean Offshore Deepwater Drilling, Inc., et al.,* Cause No. 2010-25245 and that this intervention is proper pursuant to Rule 60 of the Texas Rules of Civil Procedure.

### E. Factual Summary

17.     Intervenor would show that this lawsuit has become necessary as a result of an incident, which occurred on or about April 20, 2010. On said date, Douglas Harold Brown was employed by Defendant, TRANSOCEAN DEEPWATER, INC. and/or TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. and/or TRITON ASSET LEASING GmbH and/or TRANSOCEAN HOLDINGS, L.L.C. and/or TRITON HUNGARY ASSET MANAGEMENT KFT as a seaman and was assigned as a member of the crew on board the DEEPWATER HORIZON, a vessel within the meaning of 46 U.S.C. § 30104, *et. seq.* Douglas Harold Brown's duties contributed to the mission of the DEEPWATER HORIZON, which is a semi-submersible drilling rig which was in navigation on April 20, 2010 at the time of the incident.  Mr. Douglas Brown was taken by USCG helicopter from the deck of the *M/V Damon B. Bankston* to a semi-submersible vessel called the *Na Kika* and then he was taken with five (5) other seriously injured workers from the *Na Kika* to a hospital in Mobile, Alabama for medical care.

18.     Halliburton was contracted to provide cement services to the rig DEEPWATER HORIZON by Transocean and/or BP. Upon information and belief Halliburton set or otherwise attempted to set a cement plug in violation of industry protocol and policies thus allowing gas to escape around the cement plug or plugs, ultimately resulting in a blowout, ignition and deadly explosion.

19.     MI Swaco was contracted to provide drilling fluid services to the rig DEEPWATER

Certified Document Number: 4530467 - Page 4 of 12

HORIZON, owned by Transocean and leased to BP. M.I. Swaco in conjunction with Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape ignite, ultimately resulting in a deadly explosion.

20.    Triton Asset Leasing GmbH and/or Transocean Holdings, L.L.C. and/or Transocean Offshore Deepwater Drilling, Inc. and/or Triton Hungary Asset Management Limited Liability Company and/or Transocean Deepwater, Inc. and/or Triton Hungary Asset Management Kft were the owners and/or operators of the *DEEPWATER HORIZON* at the time of the subject incident.

21.    On or about April 20, 2010, while working in the course and scope of his employment for Defendants, an explosion and fire occurred on the DEEPWATER HORIZON. Intervenor will show that Defendants were negligent and such negligence was a proximate and/or producing cause of the incident and the resulting damages.

## F. CAUSES OF ACTION

22.    At all relevant times, Douglas Harold Brown was in the course and scope of his employment with the Defendants.  The actions and/or inactions of these Defendants, and/or their officers, agents and/or employees constitute negligence. The negligence of these Defendants was a proximate and/or producing cause of the Intervenor's damages.

23.    Defendants   TRANSOCEAN   DEEPWATER,   INC.,   TRANSOCEAN   OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRITON ASSET LEASING GmbH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT and TRANSOCEAN HOLDINGS, L.L.C. owed a duty to Douglas Harold Brown to maintain the vessel in a seaworthy condition. However, Intervenor will show that the DEEPWATER HORIZON was unseaworthy and that said

Certified Document Number: 45303467 - Page 5 of 12

unseaworthiness was a proximate and/or producing cause of the incident and resulting damages.

**24.    TRANSOCEAN ENTITIES**

Transocean was negligent in the following non-exclusive particulars:

a.    Failing to provide Douglas Harold Brown with a safe place to work; and requiring Douglas Harold Brown to work in unsafe conditions;

b.    Failing to provide sufficient personnel to perform operations aboard the vessel;

c.    Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

d.    Failing to exercise due care and caution;

e.    Failing to avoid this accident;

f.    Failing to provide Douglas Harold Brown with a seaworthy vessel;

g.    Other acts of negligence which will be shown more fully at trial.

**25.    BP AND BP PRODUCTS**

BP was negligent in the following non-exclusive particulars:

a.    Failing to properly train and/or supervise its crew and other employees;

b.    Failing to ensure that its crew worked in a safe and prudent manner;

c.    Failing to provide Douglas Harold Brown with a safe place to work, and requiring Douglas Harold Brown to work in unsafe conditions;

d.    Failing to exercise due care and caution;

e.    Failing to provide Douglas Harold Brown with a seaworthy vessel;

f.    Drilling at a depth which it was not permitted to drill at; and

g.    Other acts of negligence which will be shown more fully at trial.

Certified Document Number: 45303467 - Page 6 of 12

26.    **HALLIBURTON**

Halliburton was negligent in the following non-exclusive particulars:

a.    Failing to properly set cement plugs;

b.    Failing to maintain pressure during cement operation;

c.    Failing to use adequate material for cement services;

d.    Failing to follow industry protocol and procedures for setting cement plugs;

e.    Failing to prevent escape of gas or combustible hydrocarbons to the surface;

f.    Attempting to carry out drilling operations with substandard and defective cement casing; and

g.    Other acts of negligence which will be shown more fully at trial.

27.    **MI SWACO**

MI Swaco was negligent in the following non-exclusive particulars:

a.    Failing to monitor pressure of wells;

b.    Failing to use adequate weight drilling fluid to prevent gas escape;

c.    Failing to follow industry protocol and procedure during plug completion phases;

d.    Use of sea water as weight and gas control medium during drilling and completion processes;

e.    Attempting to carry out drilling operations with substandard and defective cement casing; and

f.    Other acts of negligence which will be shown more fully at trial.

28.    **CAMERON INTERNATIONAL CORPORATION**

Cameron International Corporation was negligent in the following non-exclusive particulars:

a.    Failing to provide adequate subsea flow control devices;

Certified Document Number: 45303467 - Page 7 of 12

b.   Failing to properly engineer the subsea gas flow control devices;

c.   Failing to properly install a subsea gas flow control devices;

d.   Failing to properly monitor the subsea engineering and gas flow control devices;

e.   Placing into the stream of commerce a defective blowout preventer which was unfit for the purpose of which it was intended; and

f.   Other acts of negligence which will be shown more fully at trial.

29.   **TRITON ASSET LEASING GmbH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY and TRITON HUNGARY ASSET MANAGEMENT KFT**

Triton Asset Leasing GmbH and Triton Hungary Asset Management Limited Liability Company and Triton Hungary Asset Management KFT were negligent in the following non-exclusive particulars:

a.   Failing to provide Douglas Harold Brown with a safe place to work; and requiring Douglas Harold Brown to work in unsafe conditions;

b.   Failing to provide sufficient personnel to perform operations aboard the vessel;

c.   Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

d.   Failing to exercise due care and caution;

e.   Failing to avoid this accident;

f.   Failing to provide Douglas Harold Brown with a seaworthy vessel; and

g.   Other acts of negligence which will be shown more fully at trial.

### G.   DEFENDANTS' GROSS NEGLIGENCE

30.   Intervenor further asserts that the incident forming the basis of this suit was proximately caused by the willful acts and omissions and gross negligence in the performance of the duties of the

Defendants. Defendants' conduct was grossly negligent in that it was carried out with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that their actions may result in serious bodily injury and/or death.

### H. ESTOPPEL OF BP

31.     Equitable estoppel is used to prevent a party from taking a legal position inconsistent with an earlier statement or action that places his adversary at a disadvantage. See W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts Sec. 105, at 733 (5th ed. 1984). The purpose of the doctrine of equitable estoppel is to ensure that no one will be permitted to "take advantage of his own wrong." R.H. Stearns Co. v. United States, 291 U.S. 54, 62, 54 S.Ct. 325, 328, 78 L.Ed. 647 (1934). The traditional elements of equitable estoppel are: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury. Che-Li Shen v. INS, 749 F.2d 1469, 1473 (10th Cir.1984). In the recent days just prior to this filing of Intervenor's Petition in Intervention, Defendant BP publicly acknowledged and accepted responsibility for this horrific event and should, therefore, be estopped from denying liability herein

### I. DAMAGES

32.     Intervenor will show that on the above-mentioned date, he was injured while in the course and scope of his employment with Defendants, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. and/or TRITON ASSET LEASING GmbH and/or TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY and/or TRANSOCEAN HOLDINGS, L.L.C. and/or and TRITON HUNGARY ASSET MANAGEMENT KFT and while serving as a seaman in the

Certified Document Number: 45303467 - Page 9 of 12

service of the *DEEPWATER HORIZON*. Defendants breached their absolute duty to provide Intervenor with maintenance and cure. As a result of this Defendants' unreasonable failure to provide maintenance and cure, Intervenor is entitled to recovery for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries, pain and suffering and additional expenses. Intervenor will also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action and he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him but for the arbitrary and capricious denial of said benefits. Intervenor further seeks punitive damages for the willful and wanton failure to pay maintenance and cure.

33.    As a direct and proximate result of Defendants' conduct and/or the unseaworthiness of the vessel, Intervenor suffered the following injuries and damages:

      a.    Intervenor has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

      b.    Intervenor has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

      c.    Intervenor has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

      d.    Intervenor has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

      e.    Intervenor has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

      f.    Intervenor has suffered lost earnings in the past and, in all reasonable probability, will

continue to suffer loss of earning capacity into the future.

g.      Intervenor sues for found damages in the past and future.

34.     Intervenor seeks punitive damages for the gross negligence of the Defendants.

## J. REQUEST FOR DISCLOSURE

**35.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within fifty (50) days after service of this request upon each Defendant, the information or material described in Rule 194.2(a) through (l).**

## K. JURY DEMAND

36.     Intervenor demands a trial by jury. A jury fee is being paid contemporaneously with the filing of this Petition.

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that, after trial on the merits, Intervenor has judgment against Defendants both jointly and severally for the following:

a.  a sum in excess of the minimum jurisdictional limits of this Honorable Court;
b.  pre-judgment interest thereon at the maximum legal rate;
c.  post-judgment interest thereon at the maximum legal rate;
d.  costs of Court; and,
e.  such other and further relief to which Intervenor may be justly entitled.

Respectfully submitted,

GORDON, ELIAS, & SEELY L.L.P.

By: _____
    Steve Gordon
    SBN: 08207980
    R. Todd Elias
    SBN: 00787427
    Jeffrey R. Seely
    SBN 24033172
    5821 Southwest Freeway, Suite 422
    Houston, Texas 77057
    (713) 668-9999
    (713) 668-1980 (Fax)
    ATTORNEYS FOR INTERVENOR

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record by facsimile transmission, certified mail, return receipt requested or hand delivery on this the 13th day of May, 2010.

**Via Facsimile:  713-225-1785**
Brent W. Coon
Arthur J. Gonzalez
Gary M. Riebschlager
BRENT COON & ASSOCIATES
300 Fannin, Suite 200
Houston, Texas  77002

**Via Facsimile:  504-522-9129**
Edwin G. Preis, Jr.
Ned Kohnke
PREIS & ROY
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, LA  70130

Steve Gordon



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010

Certified Document Number: ___45303467__ (Total Pages 12)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

EXHIBIT 7



13

ENTERED 11/5/1910
VERIFIED

CAUSE NO. 2010-25245

| | | |
|---|---|---|
| TRACY KLEPPINGER, Individually | § | IN THE DISTRICT COURT OF |
| and as Representative of the Estate of | § | |
| KARL KLEPPINGER, Jr. and as next | § | |
| Friend of AARON THOMAS | § | |
| KLEPPINGER, a minor child | § | |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| TRANSOCEAN OFFSHORE | § | |
| DEEPWATER DRILLING, INC., | § | |
| DEEPWATER HORIZON, and | § | |
| BP PRODUCTS NORTH AMERICA, | § | |
| INC. | § | 234th JUDICIAL DISTRICT |

**INTERVENOR, DOMINIQUE USSIN'S**
**ORIGINAL PETITION IN INTERVENTION**

**FILED**
Loren Jackson
District Clerk
Time:
MAY 11 2010
By:
Harris County, Texas
Deputy

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DOMINIQUE USSIN complaining of and against TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, MI SWACO, TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT, ART CATERING, INC. and TRANSOCEAN HOLDINGS, L.L.C., Defendants herein, and for cause of action, would respectfully show as follows:

**A. Discovery Control Plan**

1.    Intervenor intends to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

CONFIRMED FILE DATE: 5/11/2010

Certified Document Number: 45360823 - Page 1 of 13

Certified Document Number: 45360823 - Page 2 of 13

## B. Parties

2.    Intervenor, DOMINIQUE USSIN, is an individual residing in the State of Mississippi.

3.    Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. is a Corporation domiciled at 4 Greenway Plaza, Houston, Harris County, Texas and conducting business in the State of Texas, and can be served with process by serving its registered agent for service of process, Eric B. Brown, at 4 Greenway Plaza, Houston, Texas 77046.

4.    Defendant, BP PRODUCTS NORTH AMERICA, INC. is a Maryland corporation but may be served with process by serving its registered agent for service of process in Texas, Prentice Hall Corp System at 211 E. 7TH Street, Suite 620 in Austin, Texas 78701.

5.    Defendant, HALLIBURTON ENERGY SERVICES, INC., (hereinafter referred to as "Halliburton"), is a Delaware corporation with a principal place of business in Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process C.T. Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

6.    Defendant, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION (hereinafter referred to as "Cameron"), is a Delaware corporation whose principal place of business is Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201.

7.    Defendant MI SWACO is a Texas joint venture company owned by Smith International, Inc., and Schlulemberger, Ltd., (hereinafter referred to as "MI Swaco"), with its principal place of business at 5950 North Course Drive, Houston, Texas 77072 and may be served by serving its President, Chris Rivas at 5950 North Course Drive, Houston, Texas 77072.

8. Defendant TRITON ASSET LEASING GmbH may be served in accordance with The HAGUE Convention and any all other lawful means. On information and belief TRITON ASSET LEASING GmbH is a Swiss entity, however, counsel for Transocean has indicated that they may be a Hungarian entity, in either case, they will be served pursuant to The Hague Convention and any other lawful method.

9. Defendant TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY may be served in accordance with The HAGUE Convention and any other lawful method.

10. Defendant TRITON HUNGARY ASSET MANAGEMENT KFT may be served in accordance with The HAGUE Convention and any other lawful method.

11. Defendant TRANSOCEAN HOLDINGS, L.L.C. may be served by serving its President, John H. Briscoe, at 4 Greenway Plaza, Suite 700, Houston, Texas 77046.

12. Defendant TRANSOCEAN DEEPWATER, INC. may be served by serving its registered agent, Capitol Services, Inc., 615 South Dupont Highway, Dover, DE 19901.

13. Defendant ART CATERING, INC. may be served by serving the Texas Secretary of State who in turn will serve ART CATERING, INC.'s registered agent, Brenda J. Hingle at 132 Jarrell Road, Belle Chasse, LA 70037.

### C. Venue

14. Venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies §15.0181(c)(1) because Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'s principal office in this state is located in Harris County, Texas.

Certified Document Number: 45360823 - Page 3 of 13

### D. Jurisdiction

15.    This is an admiralty and maritime claim within the jurisdiction of this Honorable Court.

16.    Dominique Ussin was a seaman and this action is brought pursuant to Title 46 U.S.C. §30104, *et. seq.* and pursuant to the admiralty and general maritime laws of the United States. This Court has concurrent jurisdiction.

### E. Intervention

17.    Intervenor would show that this lawsuit arises out of the same transaction and occurrences as *Tracy Kleppinger v. Transocean Offshore Deepwater Drilling, Inc., et al.,* Cause No. 2010-25245 and that this intervention is proper pursuant to Rule 60 of the Texas Rules of Civil Procedure.

### E. Factual Summary

18.    Intervenor would show that this lawsuit has become necessary as a result of an incident, which occurred on or about April 20, 2010. On said date, Dominique Ussin was employed by Defendant, ART CATERING, INC.  At all times material hereto, Intervenor was on board the DEEPWATER HORIZON as a borrowed employee of TRANSOCEAN DEEPWATER, INC. and/or TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. and/or TRITON ASSET LEASING GmbH and/or TRANSOCEAN HOLDINGS, L.L.C. and/or TRITON HUNGARY ASSET MANAGEMENT KFT as a seaman and was assigned as a member of the crew on board the DEEPWATER HORIZON, a vessel within the meaning of 46 U.S.C. § 30104, *et. seq.* Dominque Ussin's duties contributed to the mission of the DEEPWATER HORIZON, which is a semi-submersible drilling rig which was in navigation on April 20, 2010 at the time of the incident.

19.    Halliburton was contracted to provide cement services to the rig DEEPWATER HORIZON by Transocean and/or BP. Upon information and belief Halliburton set or otherwise attempted to set a cement plug in violation of industry protocol and policies thus allowing gas to escape around the

cement plug or plugs, ultimately resulting in a blowout, ignition and deadly explosion.

20.     MI Swaco was contracted to provide drilling fluid services to the rig DEEPWATER HORIZON, owned by Transocean and leased to BP. M.I. Swaco in conjunction with Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape ignite, ultimately resulting in a deadly explosion.

21.     Triton Asset Leasing GmbH and/or Transocean Holdings, L.L.C. and/or Transocean Offshore Deepwater Drilling, Inc. and/or Triton Hungary Asset Management Limited Liability Company and/or Transocean Deepwater, Inc. and/or Triton Hungary Asset Management Kft were the owners and/or operators of the *DEEPWATER HORIZON* at the time of the subject incident.

22.     On or about April 20, 2010, while working in the course and scope of his employment for Defendants, an explosion and fire occurred on the DEEPWATER HORIZON. Intervenor will show that Defendants were negligent and such negligence was a proximate and/or producing cause of the incident and the resulting damages.

## F. CAUSES OF ACTION

23.     At all relevant times, Dominque Ussin was in the course and scope of his employment with the Defendants.  The actions and/or inactions of these Defendants, and/or their officers, agents and/or employees constitute negligence.  The negligence of these Defendants was a proximate and/or producing cause of the Intervenor's damages.

24.     Defendants  TRANSOCEAN   DEEPWATER,   INC.,   TRANSOCEAN   OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRITON ASSET LEASING GmbH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT., ART CATERING, INC. and TRANSOCEAN

HOLDINGS, L.L.C. owed a duty to Dominque Ussin to maintain the vessel in a seaworthy condition. However, Intervenor will show that the DEEPWATER HORIZON was unseaworthy and that said unseaworthiness was a proximate and/or producing cause of the incident and resulting damages.

**25.   TRANSOCEAN ENTITIES**

Transocean was negligent in the following non-exclusive particulars:

a.   Failing to provide Dominque Ussin with a safe place to work; and requiring Dominque Ussin to work in unsafe conditions;

b.   Failing to provide sufficient personnel to perform operations aboard the vessel;

c.   Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

d.   Failing to exercise due care and caution;

e.   Failing to avoid this accident;

f.   Failing to provide Dominque Ussin with a seaworthy vessel;

g.   Other acts of negligence which will be shown more fully at trial.

**26.   BP AND BP PRODUCTS**

BP was negligent in the following non-exclusive particulars:

a.   Failing to properly train and/or supervise its crew and other employees;

b.   Failing to ensure that its crew worked in a safe and prudent manner;

c.   Failing to provide Dominque Ussin with a safe place to work, and requiring Dominque Ussin to work in unsafe conditions;

d.   Failing to exercise due care and caution;

e.   Failing to provide Dominque Ussin with a seaworthy vessel;

f.   Drilling at a depth which it was not permitted to drill at; and

Certified Document Number: 45360823 - Page 7 of 13

g.     Other acts of negligence which will be shown more fully at trial.

**27.   HALLIBURTON**

Halliburton was negligent in the following non-exclusive particulars:

a.     Failing to properly set cement plugs;

b.     Failing to maintain pressure during cement operation;

c.     Failing to use adequate material for cement services;

d.     Failing to follow industry protocol and procedures for setting cement plugs;

e.     Failing to prevent escape of gas or combustible hydrocarbons to the surface;

f.     Attempting to carry out drilling operations with substandard and defective cement casing; and

g.     Other acts of negligence which will be shown more fully at trial.

**28.   MI SWACO**

MI Swaco was negligent in the following non-exclusive particulars:

a.     Failing to monitor pressure of wells;

b.     Failing to use adequate weight drilling fluid to prevent gas escape;

c.     Failing to follow industry protocol and procedure during plug completion phases;

d.     Use of sea water as weight and gas control medium during drilling and completion processes;

e.     Attempting to carry out drilling operations with substandard and defective cement casing; and

f.     Other acts of negligence which will be shown more fully at trial.

**29.   CAMERON INTERNATIONAL CORPORATION**

Cameron International Corporation was negligent in the following non-exclusive particulars:

a.    Failing to provide adequate subsea flow control devices;

b.    Failing to properly engineer the subsea gas flow control devices;

c.    Failing to properly install a subsea gas flow control devices;

d.    Failing to properly monitor the subsea engineering and gas flow control devices;

e.    Placing into the stream of commerce a defective blowout preventer which was unfit for the purpose of which it was intended; and

f.    Other acts of negligence which will be shown more fully at trial.

**30.    TRITON ASSET LEASING GmbH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY and TRITON HUNGARY ASSET MANAGEMENT KFT**

Triton Asset Leasing GmbH and Triton Hungary Asset Management Limited Liability Company and Triton Hungary Asset Management KFT were negligent in the following non-exclusive particulars:

a.    Failing to provide Dominque Ussin with a safe place to work; and requiring Dominque Ussin to work in unsafe conditions;

b.    Failing to provide sufficient personnel to perform operations aboard the vessel;

c.    Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

d.    Failing to exercise due care and caution;

e.    Failing to avoid this accident;

f.    Failing to provide Dominque Ussin with a seaworthy vessel; and

g.    Other acts of negligence which will be shown more fully at trial.

**31.    ART CATERING, INC.**

Art Catering, Inc. was negligent in the following non-exclusive particulars:

a.    Failing to provide Dominque Ussin with a safe place to work; and requiring Dominque Ussin to work in unsafe conditions;

b.    Failing to provide sufficient personnel to perform operations aboard the vessel;

c.    Failing to exercise due care and caution;

d.    Failing to avoid this accident;

e.    Failing to provide Dominque Ussin with a seaworthy vessel; and

f.    Other acts of negligence which will be shown more fully at trial.

### G.    ADDITIONAL NEGLIGENCE AND GROSS NEGLIGENCE

32.    Additionally, Intervenor would show that he was forced to escape the fiery rig DEEPWATER HORIZON at the time of this incident on a boat.   TRANSOCEAN DEEPWATER, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., *DEEPWATER HORIZON,* TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRITON HUNGARY ASSET MANAGEMENT KFT, TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY, ART CATERING, INC. and TRANSOCEAN HOLDINGS, L.L.C.  and BP PRODUCTS NORTH AMERICA, INC. through their lawyers, held DOMINIQUE USSIN for over seventeen (17) hours without giving him the ability to contact his loved ones but, instead, interrogated him and made him file a signed statement.  These willful acts and omissions constitute negligence and gross negligence in the performance of the duties of these Defendants. Defendants' conduct was grossly negligent in that it was carried out with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that their actions may result in serious bodily, emotional and/or psychiatric injury.

### G.    DEFENDANTS' GROSS NEGLIGENCE

33.    Intervenor further asserts that the incident forming the basis of this suit was proximately

caused by the willful acts and omissions and gross negligence in the performance of the duties of the Defendants. Defendants' conduct was grossly negligent in that it was carried out with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that their actions may result in serious bodily injury and/or death.

## H. ESTOPPEL OF BP

34.     Equitable estoppel is used to prevent a party from taking a legal position inconsistent with an earlier statement or action that places his adversary at a disadvantage. See W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts Sec. 105, at 733 (5th ed. 1984). The purpose of the doctrine of equitable estoppel is to ensure that no one will be permitted to "take advantage of his own wrong." R.H. Stearns Co. v. United States, 291 U.S. 54, 62, 54 S.Ct. 325, 328, 78 L.Ed. 647 (1934). The traditional elements of equitable estoppel are: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury. Che-Li Shen v. INS, 749 F.2d 1469, 1473 (10th Cir.1984). In the recent days just prior to this filing of Intervenor's Petition in Intervention, Defendant BP publicly acknowledged and accepted responsibility for this horrific event and should, therefore, be estopped from denying liability herein

## I. DAMAGES

35.     Intervenor will show that on the above-mentioned date, he was injured while in the course and scope of his employment with Defendants, ART CATERING, INC. At all times material hereto, Intervenor was on board the DEEPWATER HORIZON as a borrowed employee of TRANSOCEAN DEEPWATER, INC. and/or TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. and/or

TRITON ASSET LEASING GmbH and/or TRANSOCEAN HOLDINGS, L.L.C. and/or TRITON HUNGARY ASSET MANAGEMENT KFT as a seaman and was assigned as a member of the crew on board the DEEPWATER HORIZON, a vessel within the meaning of 46 U.S.C. § 30104, *et. seq.* Defendants breached their absolute duty to provide Intervenor with maintenance and cure. As a result of these Defendants' unreasonable failure to provide maintenance and cure, Intervenor is entitled to recovery for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries, pain and suffering and additional expenses. Intervenor will also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action and he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him but for the arbitrary and capricious denial of said benefits. Intervenor further seeks punitive damages for the willful and wanton failure to pay maintenance and cure.

36.      As a direct and proximate result of Defendants' conduct and/or the unseaworthiness of the vessel, Intervenor suffered the following injuries and damages:

        a.      Intervenor has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

        b.      Intervenor has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

        c.      Intervenor has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

        d.      Intervenor has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

        e.      Intervenor has suffered physical disfigurement in the past and, in all reasonable medical

probability, will continue to suffer physical disfigurement into the future; and,

f.  Intervenor has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

g.  Intervenor sues for found damages in the past and future.

37.  Intervenor seeks punitive damages for the gross negligence of the Defendants.

## J. REQUEST FOR DISCLOSURE

**38.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within fifty (50) days after service of this request upon each Defendant, the information or material described in Rule 194.2(a) through (l).**

## K. JURY DEMAND

38.  Intervenor demands a trial by jury. A jury fee is being paid contemporaneously with the filing of this Petition.

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that, after trial on the merits, Intervenor has judgment against Defendants both jointly and severally for the following:

a.  a sum in excess of the minimum jurisdictional limits of this Honorable Court;
b.  pre-judgment interest thereon at the maximum legal rate;
c.  post-judgment interest thereon at the maximum legal rate;
d.  costs of Court; and,
e.  such other and further relief to which Intervenor may be justly entitled.

Respectfully submitted,

GORDON, ELIAS, & SEELY L.L.P.

By: _____
    Steve Gordon
    SBN: 08207980
    R. Todd Elias
    SBN: 00787427
    Jeffrey R. Seely
    SBN 24033172
    5821 Southwest Freeway, Suite 422
    Houston, Texas 77057
    (713) 668-9999
    (713) 668-1980 (Fax)

ATTORNEYS FOR INTERVENOR

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record by facsimile transmission, certified mail, return receipt requested or hand delivery on this the 11th day of May, 2010.

**Via Facsimile:  713-225-1785**
Brent W. Coon
Arthur J. Gonzalez
Gary M. Riebschlager
BRENT COON & ASSOCIATES
300 Fannin, Suite 200
Houston, Texas  77002

**Via Facsimile:  504-522-9129**
Edwin G. Preis, Jr.
Ned Kohnke
PREIS & ROY
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, LA  70130

_____
Steve Gordon



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number: ____45360823__ (Total Pages 13)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# EXHIBIT 8



13

ENTERED _____
VERIFIED _____

CONFIRMED FILE DATE: 5/11/2010

## CAUSE NO. 2010-25245

TRACY KLEPPINGER, Individually       §       IN THE DISTRICT COURT OF
and as Representative of the Estate of    §
KARL KLEPPINGER, Jr. and as next      §
Friend of AARON THOMAS               §
KLEPPINGER, a minor child             §
                                       §
VS.                                    §       HARRIS COUNTY, T E X A S
                                       §
TRANSOCEAN OFFSHORE               §
DEEPWATER DRILLING, INC.,          §
DEEPWATER HORIZON, and            §
BP PRODUCTS NORTH AMERICA,       §
INC.                                   §       234th JUDICIAL DISTRICT

### INTERVENOR, CHRISTOPHER CHOY'S THIRD AMENDED ORIGINAL PETITION IN INTERVENTION

**FILED**
Loren Jackson
District Clerk

MAY 1 1 2010

TO THE HONORABLE JUDGE OF SAID COURT:

Time: _____
Harris County Texas
By_____
        Deputy

COMES NOW, CHRISTOPHER CHOY complaining of and against ~~TRANSOCEAN~~ OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, MI SWACO, TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT and TRANSOCEAN HOLDINGS, L.L.C., Defendants herein, and for cause of action, would respectfully show as follows:

### A. Discovery Control Plan

1.      Intervenor intends to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

Certified Document Number: 45363979 - Page 1 of 13

8704854

## B. Parties

2.      Intervenor, CHRISTOPHER CHOY, is an individual residing in the State of Louisiana.

3.      Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. is a Corporation domiciled at 4 Greenway Plaza, Houston, Harris County, Texas and conducting business in the State of Texas, and can be served with process by serving its registered agent for service of process, Eric B. Brown, at 4 Greenway Plaza, Houston, Texas 77046.

4.      Defendant, BP PRODUCTS NORTH AMERICA, INC. is a Maryland corporation but may be served with process by serving its registered agent for service of process in Texas, Prentice Hall Corp System at 211 E. 7TH Street, Suite 620 in Austin, Texas 78701.

5.      Defendant, HALLIBURTON ENERGY SERVICES, INC., (hereinafter referred to as "Halliburton"), is a Delaware corporation with a principal place of business in Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process C.T. Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

6.      Defendant, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION (hereinafter referred to as "Cameron"), is a Delaware corporation whose principal place of business is Houston, Harris County, Texas and may be served with process by serving its registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201.

7.      Defendant MI SWACO is a Texas joint venture company owned by Smith International, Inc., and Schlulemberger, Ltd., (hereinafter referred to as "MI Swaco"), with its principal place of business at 5950 North Course Drive, Houston, Texas 77072 and may be served by serving its President, Chris Rivas at 5950 North Course Drive, Houston, Texas 77072.

8.    Defendant TRITON ASSET LEASING GmbH may be served in accordance with The HAGUE Convention and any all other lawful means.   On information and belief TRITON ASSET LEASING GmbH is a Swiss entity, however, counsel for Transocean has indicated that they may be a Hungarian entity, in either case, they will be served pursuant to The Hague Convention and any other lawful method.

9.    Defendant TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY may be served in accordance with The HAGUE Convention and any other lawful method.

10.    Defendant TRITON HUNGARY ASSET MANAGEMENT KFT may be served in accordance with The HAGUE Convention and any other lawful method.

11.    Defendant TRANSOCEAN HOLDINGS, L.L.C. may be served by serving its President, John H. Briscoe, at 4 Greenway Plaza, Suite 700, Houston, Texas  77046.

12.    Defendant TRANSOCEAN DEEPWATER, INC. may be served by serving its registered agent, Capitol Services, Inc., 615 South Dupont Highway, Dover, DE  19901.

### C. Venue

13.    Venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies §15.0181(c)(1) because Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'s principal office in this state is located in Harris County, Texas.

### D. Jurisdiction

14.    This is an admiralty and maritime claim within the jurisdiction of this Honorable Court.

15.    Christopher Choy was a seaman and this action is brought pursuant to Title 46 U.S.C. §30104, *et. seq.* and pursuant to the admiralty and general maritime laws of the United States. This Court has concurrent jurisdiction.

**E. Intervention**

16.     Intervenor would show that this lawsuit arises out of the same transaction and occurrences as *Tracy Kleppinger v. Transocean Offshore Deepwater Drilling, Inc., et al.,* Cause No. 2010-25245 and that this intervention is proper pursuant to Rule 60 of the Texas Rules of Civil Procedure.

**E. Factual Summary**

17.     Intervenor would show that this lawsuit has become necessary as a result of an incident, which occurred on or about April 20, 2010. On said date, Christopher Choy was employed by Defendant, TRANSOCEAN DEEPWATER, INC. and/or TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. and/or TRITON ASSET LEASING GmbH and/or TRANSOCEAN HOLDINGS, L.L.C. and/or TRITON HUNGARY ASSET MANAGEMENT KFT as a seaman and was assigned as a member of the crew on board the DEEPWATER HORIZON, a vessel within the meaning of 46 U.S.C. § 30104, *et. seq.* Christopher Choy's duties contributed to the mission of the DEEPWATER HORIZON, which is a semi-submersible drilling rig which was in navigation on April 20, 2010 at the time of the incident.

18.     Halliburton was contracted to provide cement services to the rig DEEPWATER HORIZON by Transocean and/or BP. Upon information and belief Halliburton set or otherwise attempted to set a cement plug in violation of industry protocol and policies thus allowing gas to escape around the cement plug or plugs, ultimately resulting in a blowout, ignition and deadly explosion.

19.     MI Swaco was contracted to provide drilling fluid services to the rig DEEPWATER HORIZON, owned by Transocean and leased to BP. M.I. Swaco in conjunction with Halliburton failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape ignite, ultimately resulting in a deadly explosion.

20.     Triton Asset Leasing GmbH and/or Transocean Holdings, L.L.C. and/or Transocean Offshore

Certified Document Number: 45363979 - Page 4 of 13

Deepwater Drilling, Inc. and/or Triton Hungary Asset Management Limited Liability Company and/or Transocean Deepwater, Inc. and/or Triton Hungary Asset Management Kft were the owners and/or operators of the *DEEPWATER HORIZON* at the time of the subject incident.

21.     On or about April 20, 2010, while working in the course and scope of his employment for Defendants, an explosion and fire occurred on the DEEPWATER HORIZON. Intervenor will show that Defendants were negligent and such negligence was a proximate and/or producing cause of the incident and the resulting damages.

### F. CAUSES OF ACTION

22.     At all relevant times, Christopher Choy was in the course and scope of his employment with the Defendants.  The actions and/or inactions of these Defendants, and/or their officers, agents and/or employees constitute negligence. The negligence of these Defendants was a proximate and/or producing cause of the Intervenor's damages.

23.     Defendants   TRANSOCEAN   DEEPWATER,   INC.,   TRANSOCEAN   OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRITON ASSET LEASING GmbH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT and TRANSOCEAN HOLDINGS, L.L.C. owed a duty to Christopher Choy to maintain the vessel in a seaworthy condition. However, Intervenor will show that the DEEPWATER HORIZON was unseaworthy and that said unseaworthiness was a proximate and/or producing cause of the incident and resulting damages.

24.     **TRANSOCEAN ENTITIES**

Transocean was negligent in the following non-exclusive particulars:

Certified Document Number: 45363979 - Page 5 of 13

a.    Failing to provide Christopher Choy with a safe place to work; and requiring Christopher Choy to work in unsafe conditions;

b.    Failing to provide sufficient personnel to perform operations aboard the vessel;

c.    Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

d.    Failing to exercise due care and caution;

e.    Failing to avoid this accident;

f.    Failing to provide Christopher Choy with a seaworthy vessel;

g.    Other acts of negligence which will be shown more fully at trial.

**25.    BP AND BP PRODUCTS**

BP was negligent in the following non-exclusive particulars:

a.    Failing to properly train and/or supervise its crew and other employees;

b.    Failing to ensure that its crew worked in a safe and prudent manner;

c.    Failing to provide Christopher Choy with a safe place to work, and requiring Christopher Choy to work in unsafe conditions;

d.    Failing to exercise due care and caution;

e.    Failing to provide Christopher Choy with a seaworthy vessel;

f.    Drilling at a depth which it was not permitted to drill at; and

g.    Other acts of negligence which will be shown more fully at trial.

**26.    HALLIBURTON**

Halliburton was negligent in the following non-exclusive particulars:

a.    Failing to properly set cement plugs;

b.    Failing to maintain pressure during cement operation;

c.      Failing to use adequate material for cement services;

d.      Failing to follow industry protocol and procedures for setting cement plugs;

e.      Failing to prevent escape of gas or combustible hydrocarbons to the surface;

f.      Attempting to carry out drilling operations with substandard and defective cement casing; and

g.      Other acts of negligence which will be shown more fully at trial.

27.   **MI SWACO**

MI Swaco was negligent in the following non-exclusive particulars:

a.      Failing to monitor pressure of wells;

b.      Failing to use adequate weight drilling fluid to prevent gas escape;

c.      Failing to follow industry protocol and procedure during plug completion phases;

d.      Use of sea water as weight and gas control medium during drilling and completion processes;

e.      Attempting to carry out drilling operations with substandard and defective cement casing; and

f.      Other acts of negligence which will be shown more fully at trial.

28.   **CAMERON INTERNATIONAL CORPORATION**

Cameron International Corporation was negligent in the following non-exclusive particulars:

a.      Failing to provide adequate subsea flow control devices;

b.      Failing to properly engineer the subsea gas flow control devices;

c.      Failing to properly install a subsea gas flow control devices;

d.      Failing to properly monitor the subsea engineering and gas flow control devices;

e.      Placing into the stream of commerce a defective blowout preventer which was unfit for

the purpose of which it was intended; and

f.      Other acts of negligence which will be shown more fully at trial.

**29.  TRITON ASSET LEASING GmbH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY and TRITON HUNGARY ASSET MANAGEMENT KFT**

Triton Asset Leasing GmbH and Triton Hungary Asset Management Limited Liability Company and Triton Hungary Asset Management KFT were negligent in the following non-exclusive particulars:

a.      Failing to provide Christopher Choy with a safe place to work; and requiring Christopher Choy to work in unsafe conditions;

b.      Failing to provide sufficient personnel to perform operations aboard the vessel;

c.      Failing to properly follow drilling protocols and policies, proper well monitoring and control practices;

d.      Failing to exercise due care and caution;

e.      Failing to avoid this accident;

f.      Failing to provide Christopher Choy with a seaworthy vessel; and

g.      Other acts of negligence which will be shown more fully at trial.

**G.      ADDITIONAL NEGLIGENCE AND GROSS NEGLIGENCE**

30.     Additionally, Intervenor would show that he was forced to escape the fiery rig *DEEPWATER HORIZON* at the time of this incident on a lifeboat.   TRANSOCEAN DEEPWATER, INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., *DEEPWATER HORIZON*, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRITON HUNGARY ASSET MANAGEMENT KFT, TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY and TRANSOCEAN HOLDINGS, L.L.C. and

Certified Document Number: 45363979 - Page 8 of 13

BP PRODUCTS NORTH AMERICA, INC. through their lawyers, held CHRISTOPHER CHOY for over seventeen (17) hours without giving him the ability to contact his loved ones but, instead, interrogated him and made him file a signed statement. This conduct added to CHRISTOPHER CHOY'S post-traumatic stress disorder. These willful acts and omissions constitute negligence and gross negligence in the performance of the duties of these Defendants. Defendants' conduct was grossly negligent in that it was carried out with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that their actions may result in serious bodily, emotional and/or psychiatric injury.

### G.   DEFENDANTS' GROSS NEGLIGENCE

31.   Intervenor further asserts that the incident forming the basis of this suit was proximately caused by the willful acts and omissions and gross negligence in the performance of the duties of the Defendants. Defendants' conduct was grossly negligent in that it was carried out with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that their actions may result in serious bodily injury and/or death.

### H. ESTOPPEL OF BP

32.   Equitable estoppel is used to prevent a party from taking a legal position inconsistent with an earlier statement or action that places his adversary at a disadvantage. See W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts Sec. 105, at 733 (5th ed. 1984). The purpose of the doctrine of equitable estoppel is to ensure that no one will be permitted to "take advantage of his own wrong." R.H. Stearns Co. v. United States, 291 U.S. 54, 62, 54 S.Ct. 325, 328, 78 L.Ed. 647 (1934). The traditional elements of equitable estoppel are: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the

party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury. Che-Li Shen v. INS, 749 F.2d 1469, 1473 (10th Cir.1984). In the recent days just prior to this filing of Intervenor's Petition in Intervention, Defendant BP publicly acknowledged and accepted responsibility for this horrific event and should, therefore, be estopped from denying liability herein

## I. DAMAGES

33.     Intervenor will show that on the above-mentioned date, he was injured while in the course and scope of his employment with Defendants, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. and/or TRITON ASSET LEASING GmbH and/or TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABILITY COMPANY and/or TRANSOCEAN HOLDINGS, L.L.C. and/or and TRITON HUNGARY ASSET MANAGEMENT KFT and while serving as a seaman in the service of the *DEEPWATER HORIZON*. Defendants breached their absolute duty to provide Intervenor with maintenance and cure. As a result of this Defendants' unreasonable failure to provide maintenance and cure, Intervenor is entitled to recovery for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries, pain and suffering and additional expenses. Intervenor will also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action and he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him but for the arbitrary and capricious denial of said benefits. Intervenor further seeks punitive damages for the willful and wanton failure to pay maintenance and cure.

34.     As a direct and proximate result of Defendants' conduct and/or the unseaworthiness of the vessel, Intervenor suffered the following injuries and damages:

        a.     Intervenor has been forced to incur reasonable and necessary medical expenses in the

past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

b.      Intervenor has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

c.      Intervenor has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

d.      Intervenor has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

e.      Intervenor has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

f.      Intervenor has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

g.      Intervenor sues for found damages in the past and future.

35.     Intervenor seeks punitive damages for the gross negligence of the Defendants.

## J. REQUEST FOR DISCLOSURE

**36.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within fifty (50) days after service of this request upon each Defendant, the information or material described in Rule 194.2(a) through (l).**

## K. JURY DEMAND

37.     Intervenor demands a trial by jury. A jury fee is being paid contemporaneously with the filing of this Petition.

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that, after trial on the merits, Intervenor has judgment against Defendants both jointly and severally for the following:

a. a sum in excess of the minimum jurisdictional limits of this Honorable Court;
b. pre-judgment interest thereon at the maximum legal rate;
c. post-judgment interest thereon at the maximum legal rate;
d. costs of Court; and,
e. such other and further relief to which Intervenor may be justly entitled.

Respectfully submitted,

GORDON, ELIAS, & SEELY L.L.P.

By: _____
   Steven J. Gordon
   SBN: 08207980
   R. Todd Elias
   SBN: 00787427
   Jeffrey R. Seely
   SBN 24033172
   5821 Southwest Freeway, Suite 422
   Houston, Texas 77057
   (713) 668-9999
   (713) 668-1980 (Fax)

ATTORNEYS FOR INTERVENOR

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record by facsimile transmission, certified mail, return receipt requested or hand delivery on this the 11th day of May, 2010.

**Via Facsimile:  713-225-1785**
Brent W. Coon
Arthur J. Gonzalez
Gary M. Riebschlager
BRENT COON & ASSOCIATES
300 Fannin, Suite 200
Houston, Texas  77002

**Via Facsimile:  504-522-9129**
Edwin G. Preis, Jr.
Ned Kohnke
PREIS & ROY
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, LA  70130

Steven J. Gordon



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number: ___45363979___ (Total Pages 13)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

EXHIBIT 9

P 3

XTROX

CASO

CAUSE NO. 2010-25245

| | | |
|---|---|---|
| STEPHEN STONE & SARA STONE, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | **F I L E D** |
| v. | § | Loren Jackson |
| | § | District Clerk |
| TRANSOCEAN OFFSHORE | § | MAY 1 1 2010   9:18 am |
| DEEPWATER DRILLING, INC., DEEP | § | |
| WATER HORIZON, BP PRODUCTS | § | Time: |
| NORTH AMERICA, INC., | § | HARRIS COUNTY, TEXAS   CM |
| HALLIBURTON ENERGY SERVICES, | § | By Deputy |
| CAMERON INTERNATIONAL | § | |
| CORPORATION D/B/A CAMERON | § | |
| SYSTEMS CORPORATION, and MI | § | |
| SWACO, | § | 234TH JUDICIAL DISTRICT |
| *Defendants,* | | |

EXTENSION TO PREVIOUSLY ISSUED

## AGREED TEMPORARY RESTRAINING ORDER

The original application of Plaintiffs for a temporary restraining order has been presented to me on this 11th day of May, 2010.

Defendants TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION and MI SWACO are ORDERED:

(1)    to reasonably refrain and resist from any changing, alteration and/or destruction of any documents pertaining to the April 20, 2010 explosion, including all information stored, held or maintained in electronic format or via the internet.

(2)    to reasonably refrain and resist from any changing, alteration and/or destruction of any and all tools, instrumentalities, and/or devices which may have been used by workers, in any capacity, as well any work authorizations or other documents

Certified Document Number: 45275266 - Page 1 of 3

indicating status of work at the time of the event in question as well as any and all physical evidence of any kind in any way connected with the accident and/or accident scene in question.

(3)   Upon recovery of the rig, _Deepwater Horizon_ or any component part thereof, or any device or component part pertaining to the Deepwater oil well (hereafter referred to as "the evidence"), to reasonably refrain and resist from changing, altering or destruction of the evidence until further orders of this Court.

This Order applies to TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION and MI SWACO and their attorneys, agents, servants, and employees.

THE COURT RECOGNIZES THE ONGOING RESCUE, RECOVERY WELL CONTROL, REMEDIAL AND INVESTIGATION EFFORTS. THIS ORDER DOES NOT RESTRICT THE DIRECTION OR ACTIVITIES OF ANY OF THE DEFENDANTS OR ANY LOCAL, STATE OR FEDERAL GOVERNMENTAL ENTITY OR AGENCY IN THEIR INVESTIGATION, RECOVERY, WELL CONTROL, REMEDIAL OR RESCUE EFFORTS.

It is ORDERED, ADJUDGED, and DECREED that a hearing on the temporary injunction and application be, and it is hereby set for the 25th day of May, 2010, at 4 o'clock. pm

Certified Document Number: 45275266 - Page 2 of 3

This Agreed the bond of $100.00 dollars previously posted with the clerk of this Court shall continue in force and effect and this Agreed Temporary Restraining Order is hereby effective.

It is ORDERED, ADJUDGED and DECREED that notice issue to the defendants; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEPWATER HORIZON, BP PRODUCTS NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION and MI SWACO, commanding them to appear and show cause, if any, why the Temporary Injunction to preserve and maintain all documents and tangible evidence pertaining to the April 20, 2010 explosion at the Deepwater Horizon, including all information stored, held or maintained in electronic format or via the internet as prayed for in Plaintiffs' Application should not be granted.

SIGNED on this 11th day of May, 2010.   9:20am

_____
Judge Presiding

BRENT W. COON
State Bar No. 04769750
ARTHUR J. GONZALEZ
State Bar No. 08124050
GARY M. REIBSCHLAGER
State Bar No. 16902200
Brent Coon & Associates
300 Fannin, Suite 200
Houston, TX 77002
713-225-1682 phone
713-225-1785 fax

(*) Order extending TRO agreed to by defense counsel, per email among π+Δ counsel, presented to Court.



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number:  45275266  (Total Pages 3)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

EXHIBIT 10

Certified Document Number: 45257954 - Page 1 of 5

5
162P

27-1
28-1

CAUSE NO. 2010-25245

| | | |
|---|---|---|
| TRACY KLEPPINGER, Individually and | § | IN THE DISTRICT COURT OF |
| as Representative of the Estate of | § | |
| KARL KLEPPINGER, Jr. and as next | § | |
| Friend of AARON THOMAS | § | |
| KLEPPINGER, a minor child | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSOCEAN OFFSHORE | § | |
| DEEPWATER DRILLING, INC., | § | |
| DEEPWATER HORIZON, and | § | |
| BP PRODUCTS NORTH AMERICA, | § | |
| INC. | § | 234th   JUDICIAL DISTRICT |

### INTERVENOR CHRISTOPHER CHOY'S NOTICE OF NON-SUIT WITHOUT PREJUDICE AS TO DEFENDANTS TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABLITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT, AND TRANSOCEAN HOLDINGS, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CHRISTOPHER CHOY, Intervenor in the above-entitled and numbered cause, and files this Notice of Non-Suit Without Prejudice, and in support thereof would respectfully show the court as follows:

I.

Intervenor files this Notice of Non-suit Without Prejudice and hereby non-suits Defendants TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABLITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT, and TRANSOCEAN HOLDINGS, LLC, without prejudice.

1



**FILED**
Loren Jackson
District Clerk

MAY - 7 2010

Time: _____
Harris County, Texas
By _____
Deputy

Respectfully submitted,

GORDON, ELIAS, & SEELY L.L.P.

By: _____
     Steve Gordon
     SBN: 08207980
     R. Todd Elias
     SBN: 00787427
     Jeffrey R. Seely
     SBN 24033172
     5821 Southwest Freeway, Suite 422
     Houston, Texas 77057
     (713) 668-9999
     (713) 668-1980 (Fax)

ATTORNEYS FOR INTERVENOR

2

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record by facsimile transmission, certified mail, return receipt requested or hand delivery on this the 7th day of May, 2010.

**Via Facsimile:   713-225-1785**
Brent W. Coon
Arthur J. Gonzalez
Gary M. Riebschlager
BRENT COON & ASSOCIATES
300 Fannin, Suite 200
Houston, Texas   77002

**Via Facsimile:   504-522-9129**
Edwin G. Preis, Jr.
Ned Kohnke
PREIS & ROY
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, LA   70130

Steve Gordon

3



# GORDON, ELIAS & SEELY, L.L.P.

*Attorneys and Counselors at Law*

R. Todd Elias
Jeff Seely

Steve Gordon*

5821 SOUTHWEST FREEWAY, SUITE 422
HOUSTON, TEXAS 77057
(713) 668-9999 TELEPHONE
(713) 668-1980 FACSIMILE
http://www.gordon-elias.com

*BOARD CERTIFIED – PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
*OF COUNSEL

May 7, 2010

***Via Hand Delivery***
Mr. Loren Jackson
Harris County District Clerk
201 Caroline Street, Room 110
Houston Texas 77702

Re:   Cause Number 2010-25245; Tracy Kleppinger, Individually and as
Representative of the Estate of Karl Kleppinger, Jr. and as next friend of Aaron
Thomas Kleppinger, a minor child vs. Transocean Offshore Deepwater Drilling,
Inc., Deepwater Horizon, and BP Products North America, Inc.; In the District
Court of Harris County, Texas; 234th Judicial District

Dear Sir or Ma'am:

Enclosed please find the original and seven (7) copies of:

1.    Plaintiff's Notice of Non-suit Without Prejudice
2.    Intervenor's Notice of Non-suit Without Prejudice

Please file stamp the extra copy and return via our firm messenger. Please call the
undersigned immediately once the Citation is ready for pick-up. Thank you for your attention to
this matter.

Sincerely,

GORDON, ELIAS & SEELY, LLP

Steven J. Gordon

SJG:ct



Certified Document Number: 45257954 - Page 4 of 5

Harris County District Clerk
May 7, 2010
Page 2

cc:     **<u>Via Facsimile:  713-225-1785</u>**
        Bren W. Coon
        Arthur J. Gonzalez
        Gary M. Riebschlager
        BRENT COON & ASSOCIATES
        300 Fannin, Suite 200
        Houston, Texas  77002

        **<u>Via Facsimile:  504-522-9129</u>**
        Edwin G. Preis, Jr.
        Ned Kohnke
        PREIS & ROY
        Pan American Life Center
        601 Poydras Street, Suite 1700
        New Orleans, LA  70130

Certified Document Number: 45257954 - Page 5 of 5



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number: ___ 45257954 _ (Total Pages 5)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

EXHIBIT 11

P3

cu 162P

21-1
22-1
29-1
30-1
31-1

CAUSE NO. 2010-25245

| | | |
|---|---|---|
| TRACY KLEPPINGER, Individually and | § | IN THE DISTRICT COURT OF |
| as Representative of the Estate of | § | |
| KARL KLEPPINGER, Jr. and as next | § | |
| Friend of AARON THOMAS | § | |
| KLEPPINGER, a minor child | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSOCEAN OFFSHORE | § | |
| DEEPWATER DRILLING, INC., | § | |
| DEEPWATER HORIZON, and | § | |
| BP PRODUCTS NORTH AMERICA, | § | |
| INC. | § | 234th  JUDICIAL DISTRICT |

## PLAINTIFF'S NOTICE OF NON-SUIT WITHOUT PREJUDICE AS TO DEFENDANTS TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABLITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT, AND TRANSOCEAN HOLDINGS, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW TRACY KLEPPINGER, Individually and Representative of the Estate of KARL LKEPPINGER, JR. and next Friend of AARON THOMAS KLEPPINGER, a minor child, Plaintiffs in the above-entitled and numbered cause, and files this Notice of Non-Suit Without Prejudice, and in support thereof would respectfully show the court as follows:

I.

Plaintiffs files this Notice of Non-suit Without Prejudice and hereby non-suits Defendants TRITON ASSET LEASING GMBH, TRITON HUNGARY ASSET MANAGEMENT LIMITED LIABLITY COMPANY, TRITON HUNGARY ASSET MANAGEMENT KFT, and TRANSOCEAN HOLDINGS, LLC, without prejudice.

1



FILED
Loren Jackson
District Clerk

MAY - 7 2010

Time: _____ Harris County Texas
By _____ Deputy

Certified Document Number: 45269988 - Page 1 of 3

Respectfully submitted,

GORDON, ELIAS, & SEELY L.L.P.

By: _____

Steven J. Gordon
SBN: 08207980
R. Todd Elias
SBN: 00787427
Jeffrey R. Seely
SBN 24033172
5821 Southwest Freeway, Suite 422
Houston, Texas 77057
(713) 668-9999
(713) 668-1980 (Fax)

ATTORNEYS FOR PLAINTIFFS

2

Certified Document Number: 45269988 - Page 2 of 3

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record by facsimile transmission, certified mail, return receipt requested or hand delivery on this the 7th day of May, 2010.

**Via Facsimile:  713-225-1785**
Brent W. Coon
Arthur J. Gonzalez
Gary M. Riebschlager
BRENT COON & ASSOCIATES
300 Fannin, Suite 200
Houston, Texas   77002

**Via Facsimile:  504-522-9129**
Edwin G. Preis, Jr.
Ned Kohnke
PREIS & ROY
Pan American Life Center
601 Poydras Street, Suite 1700
New Orleans, LA   70130

Steven J. Gordon

3



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number: ___45269988___ (Total Pages 3)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# EXHIBIT 12

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

RECEIPT NUMBER ___6829___ ___0.00___
TRACKING NUMBER ___72530512___ ATY

CAUSE NUMBER ___201025245___

PLAINTIFF: KLEPPINGER, TRACY (INDIVIDUALLY AND AS REPRESENTAT   **In The** 234th
vs.                                                              Judicial District Court of
DEFENDANT: TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC           Harris County, Texas

CITATION CORPORATE

**THE STATE OF TEXAS**
County of Harris

**PRECEPT/WRIT**
**ATTACHED**

**FILED**
Loren Jackson
District Clerk
MAY - 7 2010
Time: ____
By ____
Harris County, Texas
Deputy

TO: CAMERON INTERNATIONAL CORPORATION (D/B/A CAMERON SYSTEMS CORPORATION)
    (DELAWARE CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

    350 N ST PAUL ST SUITE 2900  DALLAS TX 75201

Attached is a copy of __PLAINTIFFS' PETITION IN INTERVENTION, APPLICATION FOR TEMPORARY
RESTRAINING ORDER & TEMPORARY INJUNCTION AND REQUEST FOR DISCLOSURE__

This instrument was filed on the ___30th___ day of ___April___, 20 _10_, in the
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___30th___ day of
___April___, 20 _10_.

                                                **LOREN JACKSON, District Clerk**
                                                Harris County, Texas
Issued at request of:                           **201 Caroline, Houston, Texas 77002**
GONZALEZ, ARTURO J.                             **P.O. Box 4651, Houston, Texas 77210**
300 FANNIN #200
HOUSTON, TX 77002
Tel: (713) 225-1682                             **Generated by: NERIE, JASON   4BJ/4BJ/8696020**
Bar Number: 8124050

---

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at_____ o'clock ___.M., endorsed
the date of delivery thereon, and executed it at _____, _____,
                                                            (street address)                        (city)
in _____ County, Texas on the _____ day of _____, 20____, at_____ o'clock ___.M.,
by delivering to _____, by delivering to its
                        (the defendant corporation named in citation)
_____, in person, whose name is _____,
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                    (description of petition, e.g., "Plaintiffs Original"
and with accompanying copies of _____
                                                    (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.
FEE: $ _____                    By: _____
**AFFIDAVIT**                            (signature of officer)
**ATTACHED**                       Printed Name: _____
Affiant Other Than Officer         As Deputy for: _____
                                                    (printed name & title of sheriff or constable)
On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

                                                _____
N.INT.CITC.P                                             Notary Public

CONFIRMED FILE DATE: 5/7/2010

Certified Document Number: 45257456 - Page 1 of 2

**CAUSE NUMBER: 2010-25245**

STEPHEN STONE & SARA STONE
PLAINTIFF
                            IN THE DISTRICT COURT
                            HARRIS COUNTY, TEXAS
VS.                              234TH JUDICIAL DISTRICT

TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEP WATER HORIZON, BP PRODUCTS
NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL
CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, AND MI SWACO
DEFENDANT

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **GUY CONNELLY**, personally appeared before me and stated
under oath as follows:

1.    My name is **GUY CONNELLY**. I am over the age of eighteen (18), I am not a party to this case, and have
no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on
personal knowledge. The facts stated herein are true and correct. My business address is: **1301 Custer Rd,
Suite 352-2020, Plano, TX 75075.**

2.    **ON 5/5/2010 @ 10:00 AM – CITATION CORPORATE WITH PLAINTIFFS' PETITION IN
INTERVENTION, APPLICATION FOR TEMPORARY RESTRAINING ORDER & TEMPORARY
INJUNCTION AND REQUEST FOR DISCLOSURE: ADDENDUM TO PLAINTIFFS STEPHEN
STONE AND SARA STONE'S PETITION IN INTERVENTION CAME TO HAND.**

3.    **ON 5/5/2010 @ 2:50 PM - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO:
CAMERON INTERNATIONAL CORPORATION (D/B/A CAMERON SYSTEMS CORPORATION)
(DELAWARE CORPORATION) BY SERIVNG C T CORPORATION SYSTEM @ 350 NORTH ST
PAUL STREET, DALLAS, TX 75201, BY CORPORATE SERVICE.**

### FURTHER AFFIANT SAYETH NOT.

GUY CONNELLY
SCH#2201

**SWORN TO AND SUBSCRIBED** before me by **GUY CONNELLY** appeared on this ___6___ day of
___May_____, 2010 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2010.05.1126



ANNA M. CONNELLY
Notary Public
STATE OF TEXAS
My Comm. Exp. Mar 01, 2011

Certified Document Number: 45257456 - Page 2 of 2



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number:    45257456  (Total Pages 2)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT 13

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

RECEIPT NUMBER   6829          0.00
TRACKING NUMBER   72530511     ATY

CAUSE NUMBER   201025245
2010 - 25245   p2

| PLAINTIFF: | KLEPPINGER, TRACY (INDIVIDUALLY AND AS REPRESENTAT | In The   234th |
| vs. | | Judicial District Court of |
| DEFENDANT: | TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC | Harris County, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

PRECEPT/WRIT ATTACHED   FILED

Loren Jackson
District Clerk

Time: _____
MAY - 7 2010

TO: HALLIBURTON ENERGY SERVICES INC (DELAWARE CORPORATION)
BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEMS

350 N ST PAUL STREET SUITE 2900  DALLAS TX 75201

Attached is a copy of   PLAINTIFFS' PETITION IN INTERVENTION, APPLICATION FOR TEMPORARY RESTRAINING ORDER & TEMPORARY INJUNCTION AND REQUEST FOR DISCLOSURE

This instrument was filed on the _____30th_____ day of _____April_____, 20 10 , in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this _____30th_____ day of
_____April_____, 20 10 .

_[seal: DISTRICT COURT OF HARRIS COUNTY TEXAS]_

Issued at request of:
GONZALEZ, ARTURO J.
300 FANNIN #200
HOUSTON, TX 77002
Tel: (713) 225-1682
Bar Number:  8124050

**LOREN JACKSON, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Generated by: NERIE, JASON   4BJ/4BJ/8696020

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20__ at _____ o'clock _____ M., endorsed the date of delivery thereon, and executed it at _____, _____ .
(street address)                              (city)

in _____ County, Texas on the _____ day of _____, 20__ at _____ o'clock _____ M.,
by delivering to _____, by delivering to its
(the defendant corporation named in citation)

_____, in person, whose name is _____ .
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
(description of petition, e.g., "Plaintiffs Original"

and with accompanying copies of _____ .
(additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20__ .

FEES:   **AFFIDAVIT ATTACHED**

By: _____
(signature of officer)

Printed Name: _____

As Deputy for: _____
(printed name & title of sheriff or constable)

Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20__ .

_____
Notary Public

N.INT.CITC.P

CONFORMED FILE DATE: 5/7/2010

Certified Document Number: 45257459 - Page 2 of 2

**CAUSE NUMBER: 2010-25245**

STEPHEN STONE & SARA STONE
PLAINTIFF

VS.

TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., DEEP WATER HORIZON, BP PRODUCTS
NORTH AMERICA, INC., HALLIBURTON ENERGY SERVICES, CAMERON INTERNATIONAL
CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, AND MI SWACO
DEFENDANT

IN THE DISTRICT COURT
HARRIS COUNTY, TEXAS
234TH JUDICIAL DISTRICT

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day GUY CONNELLY, personally appeared before me and stated
under oath as follows:

1. My name is **GUY CONNELLY**. I am over the age of eighteen (18), I am not a party to this case, and have
   no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on
   personal knowledge. The facts stated herein are true and correct. My business address is: **1301 Custer Rd,
   Suite 352-2020, Plano, TX 75075**

2. **ON 5/5/2010 10:00:00 AM – CITATION CORPORATE WITH PLAINTIFFS' PETITION IN
   INTERVENTION, APPLICATION FOR TEMPORARY RESTRAINING ORDER & TEMPORARY
   INJUNCTION AND REQUEST FOR DISCLOSURE: ADDENDUM TO PLAINTIFFS STEPHEN
   STONE AND SARA STONE'S PETITION IN INTERVENTION CAME TO HAND.**

3. **ON 5/5/2010 2:50:00 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO:
   **HALLIBURTON ENERGY SERVICES, INC (DELAWARE CORPORATION) BY SERVING C T
   CORPORATION SYSTEM @ 350 NORTH ST PAUL STREET, DALLAS, TX 75201, BY
   CORPORATE SERVICE.**

**FURTHER AFFIANT SAYETH NOT.**

GUY CONNELLY
SCH#2201

SWORN TO AND SUBSCRIBED before me by GUY CONNELLY appeared on this ___6___ day of
___May___, 2010 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2010.05.1125



ANNA M CONNELLY
Notary Public
STATE OF TEXAS
My Comm Exp Mar 01 2011



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number:    45257459  (Total Pages 2)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT 14